# Griel & Brother *v.* Marks, Fitzpatrick & Co.

### *Trover for Conversion of Cotton Bales.*

*Charge on part of evidence.*— A party has the right to request instructions to the jury, based on the hypothesis which the evidence in his favor tends to establish; such charges are not objectionable, though based on a partial view of the evidence, since the opposite party may request charges founded on a contrary hypothesis, if there is evidence tending to establish it.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN D. CUNNINGHAM.

This action was brought by the appellants, who were merchants doing business as partners in the city of Montgomery, against Marks, Fitzpatrick & Co., partners and warehousemen in said city, to recover damages for the conversion of six bales of cotton. The cause was tried on issue joined on the plea of not guilty. It was proved on the trial, as appears from the bill of exceptions, that the cotton in controversy was raised by one Guy; was sent to town by him, on wagons driven by his two sons; was stored in the defendants' warehouse, and a receipt given for it by them in the name of said Guy, though it was entered on their books as "received of S. J. Guy *for* Griel & Brother, and marked with their initials;" was sold by the widow of said Guy, shortly after his death, to Shulman & Frankfurter, and was delivered by the defendants to said Shulman & Frankfurter, on their production of the receipts. N. Griel, one of the plaintiffs, testified, that said Guy, being in-

[Griel *v.* Marks.]

debted to Griel & Brother for provisions and other supplies furnished by them during the year 1872, verbally promised, in September of that year, to send his cotton to them, and let them have it, at eighteen cents per pound, in discharge of his indebtedness to them; and if they were not willing to give that price, they were to store the cotton in a warehouse, and hold it until they could get eighteen cents for it. He further testified, that when the cotton was brought to town, Guy's sons drove their wagons up to plaintiffs' store, saying, "Here is the cotton that father sent you;" that plaintiffs directed them to carry it to the defendants' warehouse, and have it marked with the initials of their names; that the cotton receipts were brought to them by Guy's sons, and were sent by them to said Guy, at his request, in order that he might make a settlement with his laborers; and that they, so soon as they heard of Guy's death, notified the defendants of their claim to the cotton. Guy's sons testified, that their father, when he sent the cotton to town, instructed them to store it in the defendants' warehouse in his own name, have it sampled, carry the samples to the plaintiffs, tell them that, as soon as he could get out of bed, he would come to town and sell it, and would settle with them, and they were to carry the receipts to him; and that they obeyed these instructions, and did not deliver the cotton to the plaintiffs. There was other evidence in the case, but it is not material.

"After charging the jury generally, and giving all the charges asked by the plaintiffs, the court instructed the jury, at the written request of the defendants, as follows : —

"1. If the jury are nòt satisfied, from the evidence, that the cotton sued for is the property of the plaintiffs, they must find for the defendants.

"2. Although, from the evidence, the jury may find that Guy was indebted to the plaintiffs, and told them, in September before his death, that he would send the cotton to them, to sell and apply the proceeds to the payment of his said indebtedness, and gave them the right to take the cotton at eighteen cents : yet, if they further find that, at the time said Guy sent the cotton, he instructed those who brought it to take it to plaintiffs, and have it sampled, and then take it to the defendants' warehouse, and bring the receipts to him; and that the receipts were given by the defendants in the name of Guy, and were carried to him, and kept by him until his death, — then, neither a general nor a special property in the cotton vested in the plaintiffs, and they cannot recover in this action.

"3. If, from the evidence, the jury believe that said Guy, at he time said cotton was sent to Montgomery, instructed the persons who brought it to take it to the plaintiffs, and have it

sampled, and then store it in the defendants' warehouse, and bring the receipts to him ; and that said cotton was accordingly stored at the defendants' warehouse, the receipts taken in the name of said Guy, and carried to him, and remained in his possession until his death ; then, said cotton was not the property of the plaintiffs, and they must find for the defendants."

These charges, to which the plaintiffs excepted, are now assigned as error.

R. M. WILLIAMSON, with JUDGE & HOLTZCLAW, for appellants.

STONE & CLOPTON, FITZPATRICK & RUGELY, contra.

BRICKELL, J. — All the exceptions reserved are to charges given by the court on the request of the appellees, who were defendants in the court below. We do not understand the appellants as questioning the correctness of the legal proposition asserted in the first of these charges; that, to sustain the action of trover, the plaintiff must prove property in himself, and a right to the possession at the time of conversion by the defendant. The error of the charge is supposed to lie in the fact, that it is based on a partial view of the evidence, and diverted the attention of the jury from the consideration of other evidence, tending to establish that appellants had possession of the cotton, and a lien, entitling them to retain until the lien was discharged. An instruction to the jury, requested, cannot be refused on this ground. If there was evidence tending to establish such facts, the appellants should have requested a charge based thereon. When the evidence is conflicting, each party has the right to request instructions based on the hypothesis his evidence tends to establish.

There was evidence tending to prove the facts recited in the second and third charges. From that evidence, if believed by the jury, the legal conclusions asserted necessarily followed. The objections uged to these charges are near akin, if not identical with that taken to the first charge, which we have considered. The court did not err in giving these charges. The appellants could have cured any prejudice they might operate to them, if the jury credited the hypothesis their evidence tended to establish, by requesting charges adapted to that evidence.

There is no error in the record, and the judgment is affirmed.