# Bibb & Falkner, Ex'rs, *v.* Mitchell, Adm'r.

| 58 | 657 |
| 101 | 203 |
| 58 | 657 |
| 121 | 517 |
| 58 | 657 |
| 135 | 146 |

### Action on Promissory Note.

1. *Claim against decedent's estate; what necessary presentment to avoid bar of non-claim.*—A presentment which will avoid the bar of the statute of non-claim, must give such information of the existence of the claim that the personal representative may determine—assuming its validity—how far he can safely proceed in the administration of the estate as solvent. If a mere statement of the claim is relied on as a presentment, it should describe the claim with such accuracy that it may be distinguished from all similar claims.

2. *Same; when statement of claim insufficient.*—A statement of a claim presented by an administrator which does not show of what estate he was administrator; whether it was payable to him or his intestate; or when the note was executed; or whether the obligation was joint or several; or whether it bore interest from date, and gave no description of the claim which would distinguish it from other notes for a similar amount, payable at the same date, is not sufficient to avoid the bar of the statute of non-claim.

3. *Charge; right of party to favorable instructions.*—A party has a right to instructions favorable to him, based on a hypothesis which the evidence tends to support; and such charges are not objectionable because founded on a partial view of the evidence.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. LITTLEBERRY STRANGE.

This was an action brought by John W. Mitchell, as administrator with the will annexed of one Jas. S. Mitchell, deceased, against Jefferson Falkner and Benjamin S. Bibb, executors of one William B. S. Gilmer, deceased, for $4,080, due by two promissory notes made by their testator, together with M. H. Mitchell and Robert Mitchell, on the 3d of January, 1859, one for $2,167.50, due twelve months after date, and the other for $1,912.50, due two years after date.

The defendants pleaded, 1. " That the notes described in the complaint were not presented to them, nor said notes nor a statement thereof filed, nor said claims docketed in the office of the judge of probate of Chambers county within eighteen months after the granting of letters testamentary to the defendants, or within eighteen months after the 21st day of September, 1865, or within eighteen months after the accrual of said claims. 2d. And as a further answer to the complaint, they say, that their said testator, William B. S. Gilmer, deceased, in his life-time, did not undertake or promise as the said plaintiff has thereof complained against them as his executors. 3d. That Mrs. Martha H. Mitchell, the principal maker of said notes, fully paid off and satisfied the same, before the commencement of this suit."

The plaintiff introduced in evidence the notes sued upon, and also introduced the docket kept in the office of the judge of probate of Chambers county, as the docket kept and used for the purpose of registering claims filed against estates of deceased persons, and which was proven by the judge of said court to be the docket kept for that purpose, the same showing the following entry : " Estate of W. B. S. Gilmer, 1866, June 6, account filed by the C. & O. R. R. Co. . . $3825.00. Oct. 9, one note filed by S. Spence, adm'r, due 3d Jan. 1860, for $2167.50. Oct. 9, one note filed by S. Spence, adm'r, due 3d Jan. 1861, for $1912.50.

Plaintiff proved, by the judge of probate (Appleby), that said entry on the said docket, in his account of the C. & C. R. R. Co., and the date, June 6, was made in the handwriting of one Judge Richards, and the entry dated Oct. 9th, in reference to the claim filed by S. Spence, adm'r, was in his (Appleby's) handwriting; that said S. Spence never filed any claims in his office against the estate of W. B. S. Gilmer, at any time; that he did not remember when said entry was made in the said docket; that he had no recollection when said entry was made, except from its date, but believes from the date in the handwriting of Judge Richards, that the entry was made the 9th of October, 1866.

S. Spence was introduced by the plaintiff as a witness, and he testified that on the 9th day of October, 1866, he handed

the notes now sued on to Judge Appleby, and that Judge Appleby, with the notes before him, made the said entry above referred to. He was not asked whether he filed said notes in the probate court. He further testified, that sometime in October, 1866, after the said entry was made by Judge Appleby, he met Jeff. Falkner, one of the defendants, at the probate office, and called his attention to the entry; that said Falkner seemed surprised at said entry, and asked him about the claims referred to in said entry, and said Spence then told him of the claims sued on, giving him full information as to date, amount, when due, and the parties to the same, and that he looked to the estate for their payment; that he had never presented the said note to either of the defendants, unless what he stated above constituted a presentment.

On cross-examination of said Spence, the defendants asked him whether there was not an understanding and agreement between him and said W. B. S. Gilmer, in his life-time, and Mrs. M. H. Mitchell, that her distributive share in the estate of James S. Mitchell, deceased, should be applied to the payment of the notes now sued on, and whether he had not paid over to said Mrs. M. H. Mitchell, after said agreement and understanding, six thousand dollars of her distributive share in said estate of James S. Mitchell, deceased, without the consent of said W. B. S. Gilmer? This question was objected to by the plaintiff, but the objection was sustained, the defendants reserving an exception. Before this objection was made, it had been proved that the maker of the notes sued on (M. H. Mitchell) was the widow of said James S. Mitchell, deceased, and that said W. B. S. Gilmer and Robert Mitchell, the other two makers of the note, were her securities. It was also proven, that the notes sued on were given for negroes, three in number, and some other personal property bought of said S. Spence as administrator with the will annexed of the said James S. Mitchell.

The defendants asked said witness, if there was not an understanding and agreement, whilst he had the distributive share of the said M. H. Mitchell in said James S. Mitchell's estate in his hands, between him, M. H. Mitchell and W. B. S. Gilmer, after the maturity of the notes, that the said funds should be retained by him and that he should apply them to the payment of the notes now sued on? To this question the plaintiff objected, and was sustained by the court, the defendants excepting. Defendants then asked the witness whether he had not paid over to Mrs. M. H. Mitchell, after the maturity of said notes sued on, the sum of $5,300 of her distributive share, and while he continued as the representa-

tive of James S. Mitchell's estate. To this question the plaintiff objected, and the court sustained the objection and refused to allow the said question to be answered, to which the defendants reserved an exception. Defendants then asked the witness whether the said Gilmer in his life-time, while he (witness) was the representative of the said estate of J. S. Mitchell, and while he held the funds which he afterwards paid over to Mrs. M. H. Mitchell as part of her distributive share in said estate, and after the maturity of the said notes sued on, had not notified him not to pay the said distributive share to Mrs. M. H. Mitchell, but to retain them and apply them to the payment of said notes? To which question the court sustained plaintiff's objection and defendants excepted. Defendants then asked the witness if Mrs. Mitchell had not agreed that her distributive share of the estate of her husband, then in the hands of witness, should be applied to the payment of the notes sued on? To which the court sustained plaintiff's objection, and defendants excepted. The defendants then proposed to prove by witness that Mrs. Mitchell had agreed with the said Gilmer that her distributive share of the estate of James S. Mitchell should be applied to the payment of the notes sued on, and that this agreement was made known to the witness while he was the administrator of said J. S. Mitchell, and while witness held the funds in his hands that afterwards, and without the consent of the said Gilmer, witness paid over (while he continued to be such administrator) to the said Mrs. M. H. Mitchell ($6,000) as part of her distributive share in the estate of said J. S. Mitchell; to which evidence the plaintiff objected and was sustained by the court, the defendants excepting.

The defendants introduced as a witness Jeff. Falkner, who testified that the claims now sued on were never presented to him until after the commencement of this suit, and that his attention was never called to the entry on the docket in the Probate Court until after the commencement of this suit; that he had no recollection of ever having any conversation with Mr. Spence in reference to the said claims until after the commencement of this suit; that he remembered having his attention called to the entry in the fall of 1868, after this suit was brought, not before; and that he was very much surprised, and so expressed himself, that the claims now sued on were the claims referred to on the docket.

The evidence further showed, that letters testimentary were granted to defendants on the 22d of June, 1865, and that on the 28th of July, 1871, new letters were granted to defendants, under the influence of the decision of *Bibb & Falkner v. Avery.*

The above being, in substance, all the evidence, the defendants asked the court to charge, in writing, "1. That if the jury find the only evidence of the presentation of the claim sued on, is what is found on the docket of claims in evidence, this does not amount to such a presentation of the claim to the executors as is required by law, and on that question the jury should find for defendants." 2d. That if the only evidence before the jury, of the filing of the claims sued on, is that in evidence before them, from the docket of claims from the Probate Court, then these notes are not filed as required by section 2241 of the Revised Code of Alabama."

The court refused to give either of said charges, and defendants excepted.

The rulings of the court adverse to defendants, are now severally assigned as error.

FALKNER, and WATTS & SONS, for appellants.—1. Under the influence of recent decisions, the questions arising on the demurrer to the special pleas, or to other parts of the pleading, can not be noticed by the court. The questions thus raised by this record, arise out of the several refusals to admit testimony. and the refusal to allow certain questions to be propounded to the witness Spence, and to the refusal of the court to give two charges; all of which questions are shown in the bill of exceptions. The evidence proposed to be made by the witness Spence, tended to show a payment by the principal maker of the notes sued on, and were, therefore, competent evidence. The evidence showed that Mrs. M. H. Mitchell was the widow of James S. Mitchell, deceased, and that she was entitled to a distributive share in said estate of Mitchell, and that W. B. S. Gilmer and Robert Mitchell were the sureties of Mrs. M. H. Mitchell on the notes sued on ; and that S. Spence, the witness, had been the administrator in chief of the said James S. Mitchell, and that the notes now sued on were given to him, as such administrator, for personal property of the estate sold by him to Mrs. M. H. Mitchell.

2. Mrs. Mitchell, as distributee of the estate, had the right to direct her distributive share in the estate to be appropriated to the payment of the notes. If she made such agreement with Gilmer, and the administrator Spence assented to this arrangement, then he had no right afterwards to pay over to Mrs. Mitchell said distributive share without the consent of Gilmer, the surety ; and such payment, by said Spence, discharged Gilmer, the surety, from liability on said notes to the extent of the amount so paid to Mrs. Mitchell. It was proposed to show that the sum so paid to her, was

more than enough to pay and discharge the amount due on the said notes. But whether it was or was not sufficient to pay the whole amount due on the notes, the amount, whatever it was, should have been applied to the payment of the notes, and the appellants were entitled to this evidence under the pleas on which issue was joined. When the creditor has in his possession money or property of the principal debtor, which he may rightfully retain and apply to the satisfaction of the debt, and instead of retaining it he suffers it to pass into the hands of the principal debtor, the surety is discharged to the extent of the amount so paid to the principal debtor.—See *Perrine v. F. Ins. Co. of Mobile*, 22 Ala. 575, and authorities there cited; *Allen v. Greene*, 19 Ala. 34; *Cullum v. Emanuel & Gaines*, 1 Ala. 23. The defendants proposed to show, and put to the witness the appropriate questions to show, that by agreement between Mrs. Mitchell, Spence, the administrator, the payee of the notes, and Gilmer, the surety, the fund in the hands of Spence belonging to Mrs. Mitchell should be applied to the payment of the notes; and that Spence afterwards, without the consent of Gilmer, paid to Mrs. Mitchell the sum so agreed to be applied to the payment of this note. By this agreement Spence, the payee of the notes, could have rightfully retained, and it was his duty to retain, the distributive share of Mrs. Mitchell in the estate, and to apply it to the payment of the notes. The payment by him to her, afterwards, was in violation of the agreement made with the surety. The agreement constituted a parol mortgage on the distributive share of Mrs. Mitchell in the estate—Spence being the mortgagee—and his payment to her of this fund, so mortgaged, was a discharge of Gilmer, the surety. By the terms of this agreement, Spence, the administrator, became the trustee for Gilmer, and he could not, without Gilmer's consent, discharge this fund from the payment of the debt, without, in law, discharging Gilmer from liability on the note to the extent of the value of the fund so relinquished.—See *Steele v. Mealing*, 24 Ala. 285 ; *Toulmin v. Hamilton*, 7 Ala. The agreement, as proposed to be proved, between Mrs. Mitchell, Gilmer and Spence, the administrator, was in law a payment of the notes held by the administrator, if Mrs. Mitchell's distributive share was sufficient to pay it in full, and if not sufficient, it was a payment *pro tanto*.

3. The judgment entry in this case does not disclose any thing about sustaining demurrers to any pleas. The pleas in the record show that the evidence sought to be proven by the witness Spence, was relevant and legal evidence, and tended to sustain the pleas on which issue was joined. If it be said that the bill of exceptions shows that demurrers were

[Bibb & Falkner, Ex'rs, v. Mitchell, Adm'r.]

sustained to the special pleas, we say in reply that this court will not look to the bill of exceptions to ascertain what was done with any plea. The judgment entry must show this. If this court can look, and will look, to the bill of exceptions to see what disposition was made of the pleas found in the record, then the court must go further and see whether that disposition was legal. And if it appears from the bill of exceptions that a demurrer was sustained to the pleas, or any of them, then this court will determine whether said demurrer was or not properly sustained. Each of these matters is assigned as error.

2. The authorities before cited abundantly show that the special pleas presented a complete defense to the action. The *general issue* was pleaded and issue joined on it. Under this plea the defense attempted to be proven by the witness Spence, could have been made. Any matter which showed that the plaintiff had no right of recovery at the commencement of the suit, could be proven under the general issue.—See 1 Chitty's Pleading, on pages 477-8-9; *Feagan v. Pearson*, 42 Ala. 339.

W. H. BARNES, *contra.* (No brief came to Reporter.)

BRICKELL, C. J.—1. A presentment of a claim to save the bar of the statute of non-claim, may be made to the executor or administrator, or it may be by filing the claim, or a statement thereof, in the office of the judge of probate granting administration.—Code of 1876, § 2599. It is not necessary whether the one mode or the other of presentment is pursued to present the identical claim. If it is a claim the evidence of which is in writing, as a bill, note, or bond, it is sufficient to state its description with such accuracy, that the executor or administrator will be informed of its character, the liability it imports, and, if there is future litigation as to the fact of presentment, that the claim may be distinguished from all similar claims.—*Hallett & Walker v. Br. Bank Mobile*, 12 Ala. 193; *Posey & Coffee v. Br. Bank Decatur*, Ib. 802.

2. The statement of the claims filed in the office of the probate judge, relied on as a presentment of the notes on which the present action is founded, is very indefinite and uncertain. Except as to the amount, and time of payment of the notes, there is no description by which they may be distinguished from any notes for similar amounts maturing at the same time. It is not shown when the notes were executed, nor to whom they were payable, nor whether they are joint or several obligations. If it was intended as a statement of the notes on which the present action is founded, it omits

the material part of the notes, that they bear interest from date. While the person making the presentment is shown to be *Sam'l Spence, adm'r,* there is nothing stated from which it can be ascertained of what estate he is administrator, nor whether he or the intestate is the payee of the notes. A presentment which will avoid the bar of the statute must be more than enough merely to excite the inquiry of the personal representative—it must give such information of the existence of the claim, that he may determine—assuming its validity—how far he can proceed safely in the administration of the estate as solvent; and if a mere statement of the claim is relied on as a presentment, that statement should describe the claim with such accuracy that it may be distinguished from all similar claims. Notes for a like amount, falling due at the same time, bearing or not bearing interest, payable to the intestate of Spence, would answer the description in this statement, equally with the notes, the subject of suit, payable to him as administrator; or notes similar in amount, and time of maturity, payable to him as administrator of any other estate than that of James S. Mitchell, would also answer the description in the statement. As a presentment of the notes this statement was insufficient, and the Circuit Court erred in refusing so to instruct the jury.

3. There was other evidence of a presentment, the sufficiency of which it was for the jury to determine. It was conflicting, and the instructions requested by the appellants proceed on the hypothesis, that because of the conflict, the jury would not regard it as sufficient, and to this hypothesis the instructions requested are adapted. A party has a right to instructions based on a hypothesis favorable to him which the evidence tends to support. Such instructions are not objectionable because based on a partial view of the evidence, as his adversary may request contrary instructions, or instructions founded on a contrary hypothesis, so far as the evidence will authorize.— *Griel v. Marks,* 51 Ala. 566.

Let the judgment be reversed and the cause remanded.