# Parker, Adm'r, Etc., *v.* Eufaula National Bank.

### *Action on Account.*

1. *Presentation of claim to administrator; what sufficient.*—The presentation to the administrator of a claim against the estate of his intestate is sufficient if it informs him of the nature and amount of the demand and that the claimant looks to him for payment.

2. *Same.*—If an administrator has in his hands his intestate's bank pass book and takes it to the bank and has it balanced, so that it shows all the debits and credits of the account of deceased, and the bank thereafter and within the time for the presentation of claims, presents to the administrator as an account rendered the amount shown to be due the bank by the pass book and interest thereon, but without specifying the items, the presentation is sufficient, especially so if the administrator marks the account presented and acknowledges by letter its receipt as a claim against the estate.

3. *Variance, what is not.*—If a party sues an administrator for a certain sum and the account offered in proof as the amount of plaintiff's claim as presented to the administrator shows a sum equal to the sum named in the complaint and interest thereon, there is no variance.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. W. FOSTER.

Action by Eufaula National Bank against O. H. Par-

ker as administrator of S. A. Holt. Within the time for the presentation of claim the bank presented to the administrator its account against the estate in the form of an account rendered for a certain amount. The administrator had theretofore carried to the bank the pass book of his intestate and had the bank to balance it by entering therein all deposits made by the deceased and all checks drawn by him against the bank. The administrator received the claim rendered by the bank in the form stated and marked it as a claim presented, and also acknowledged by letter to the bank the receipt of its statement as a claim against the estate. Judgment was rendered for the plaintiff on the issue of non-claim.

G. L. COMER, for appellant, cited, *Allen, Admr. v. Ellitt et al. Admrs.,* 67 Ala. 432.

S. H. DENT, JR., *contra*, cited, *May, Admr. v. Parham, Admr.,* 68 Ala. 253; *Grimball v. Mastin,* 77 Ala. 553; *Pharis et al. v. Leacham's Adm'r,* 20 Ala. 662.

HARALSON, J.—By construction of the statute of non-claim, the rule is settled in this State, that while in the presentment of the claim which may be made to the executor or administrator in person, technical accuracy or such certainty of description as is essential in pleading is not required to be observed, yet the statement must, of itself, inform the personal representative, on an inspection of it, of the nature, character and amount of the liability it imports, and must distinguish it with reasonable certainty from all similar claims.—*Floyd v. Clayton,* 67 Ala. 265; *Bibb v. Mitchell,* 58 Ala. 657. If the presentation informs the administrator of the nature and amount of the demand, and that the claimant looks to him for payment, it is sufficient.—*Pollard v. Scears,* 28 Ala. 484, 487. Unless otherwise required by statute, a balance struck in an account between the parties, may be presented as a claim against the estate of one of them without specifying the particular items.—*In the Matter of Swain,* 67 Cal. 637. Especially would this be true where the administrator, as here, had in his hands his intestate's bank pass book, on which were entered all the debits by the bank to him for deposits he made in

his life-time, which book, after his death, his administrator took to the bank, and requested it to be balanced; and the same was balanced, the credit to the bank for all checks drawn by the intestate being entered on the credit side of the book, and a balance struck between the deposits and checks drawn, showing intestate's indebtedness for over-checks, and the book and checks were thereupon surrendered to the administrator. After this, in making out its claim against the intestate for presentation under the statute, the bank might very well, under these circumstances, have made the same out in the shape of an account rendered, all the items composing it having been furnished to the administrator in the balancing of the pass book, and appearing thereon. The administrator was thereby thoroughly informed, in what had been done at his request, of all the items composing the balance. This account thus made out was presented to and so marked by the administrator, within the time for presentation of claims, and he also by letter to plaintiff acknowledged the receipt of the account as a claim against his intestate's estate. The defendant objected to the introduction of this account, thus marked by the administrator, on the ground that it did not correspond with any count in plaintiff's complaint, which objection was overruled. There was no dispute as to the correctness of the account, for it was proved without conflict of evidence.

It reasonably enough appears, the objection to the proof was without merit. The first count in the complaint is for $81.80, to which, if interest, not included therein, be added,—as that item appears on the pass book, amounting to $6.88,—we have the sum of $88.68, the amount of plaintiff's demand as presented to the administrator for payment, as the balance owing by his intestate. Under this count the proof was clearly admissible. Besides this first count, there were six other common counts added, on the different items entering into plaintiff's demand as declared on in the first count. This was the only error complained of.

Affirmed.