People, etc., *v.* Organ *et al.*

---

THE PEOPLE OF THE STATE OF ILLINOIS, who sue for the use of Titus Buffington, Treasurer of Schools of Township Two South, Range Seven East, etc., Plaintiffs in Error, *v.* HENRY A. ORGAN *et al.*, Defendants in Error.

ERROR TO CLAY.

Where it appears that the treasurer of schools, the obligor of a bond, presented it signed and sealed in blank for approval, the penalty not being expressed, but was afterwards inserted in his presence and with his approval, but in the absence of his sureties; *Held*, that while he was estopped by his consent, his sureties were not holden.

An executed deed may be avoided by erasure, interlineation or other material alteration; or by an intentional destruction of the seal.

A deed signed and sealed in blank, with verbal authority to fill the blank, will be void, unless it has been subsequently acknowledged or adopted by the party executing it.

In debt, recovery must be had against all or none of the defendants.

THIS was an action of debt brought by plaintiffs against defendants in the Wayne Circuit Court, on the official bond of defendant Organ, as collector of Wayne county for the year 1859. The venue was subsequently changed to Clay county.

The declaration is in the usual form against Organ as principal, and the other defendants as his securities, and alleges the non-payment of certain moneys belonging to the school fund.

The plea of all but two of the defendants denies the execu-

tion of the bond, and is verified by the affidavits of the defendants.

A certified copy of the bond sued on was read on trial, and contains the usual conditions. This bond purports to be in the sum of forty thousand dollars.

It was agreed by the parties, that the plea denying the execution of the bond sued on, should be considered on file for all the defendants.

*S. J. R. Wilson*, being sworn, said, that at the date of the bond sued on, he was judge of the County Court of Wayne county, Illinois. That said defendant Organ, as collector of said county for the year 1859, presented to said County Court, at its November term, 1859, the bond sued on in the case, for approval. That when said bond was presented to said court, there was no amount stated as the penalty therein, but it was, as to the amount for which the bond was given, *a blank*. That he, as one of the court, insisted that the bond was invalid, unless the securities would appear and acknowledge their signatures after the blank was filled up; but as they had no trouble the former year with said Organ as collector, they finally agreed to receive it. That the sum of forty thousand dollars was then inserted in said bond as the penalty. That none of the securities to said bond were present when the same was filled up, nor was any authority produced authorizing any one to fill it up, nor does he know of any such authority having been given to any one. That at that time the tax books had not been made out, and they could not ascertain the amount for which it ought to be taken, but insisted that it ought to be for more than the amount for which it was finally filled up.

*Thomas M. Scott*, being sworn, said, he was also a member of said court. He confirms the foregoing statement of Judge Wilson. He further says that he also objected to receiving said bond, but finally consented to accept it for the reason stated.

It was admitted by the parties defendants, that the signatures to the bond were genuine, but insisted that when such signatures were written, the bond was blank.

The plaintiffs also introduced a certificate of the clerk of the County Court of said county of Wayne, showing that there was due from said collector to said township, (for whose use this suit is brought,) the sum of $25 belonging to district No. 3, and $60 to district No. 2.

It was also agreed by the parties that all objections which could have been legally taken to the introduction of any of

the foregoing evidence, should be considered as having been made at the time, and that the parties should be entitled to the same benefit therefrom as if the same had been formally objected to, and objections overruled by the court and exceptions taken thereto.

This was all the evidence in the cause; and the court, ALLEN, Judge, presiding, (a jury having been waived by the parties,) thereupon gave judgment for the defendants for costs. To which opinion of the court the plaintiffs at the time, by their counsel, excepted.

HANNA, WHITING & COOPER, for Plaintiffs in Error.

E. BEECHER, for Defendants in Error.

WALKER, J. It appears that Organ, the principal obligor in this bond, presented it, signed and sealed, in blank for approval. The penalty was not then inserted, and some question arose as to the legality of filling in the amount in the absence of the securities, and without competent authority for the purpose. It was, however, finally agreed that the amount should be inserted in the bond, which was done. Organ seems to have been present, and it was done at his request, with his approbation and consent. He cannot therefore be heard to object to the validity of the bond. Whether it was, after the blank was filled, binding upon his sureties, can make no difference, as what he did at the time amounts to a re-delivery by him, after the blank was filled.

But the question is still presented, whether the filling the blank with the amount of the penalty, after the sureties had executed it, without their knowledge or consent, rendered it void as to them. Cases may no doubt be found which hold that the filling a blank promissory note under seal, with the amount agreed upon, does not release the indorser. And that such is the case with commercial paper generally, is certainly true. But such cases are exceptions to, and not the rule. After a deed has been executed, it may be avoided by erasure, interlineation or other alteration in a material part; or by an intentional breaking or defacing of the seal by the obligee. A deed to be binding must be in writing, signed, sealed and delivered by the parties. It has been held that a paper signed and sealed in blank, with verbal authority to fill the blank, which is afterwards done, is void as to the parties so signing and sealing unless they afterwards deliver, or acknowledge or adopt it. *Gilbert* v. *Anthony*, 1 Yerg. 69; *Wayne* v. *Govenor*, ib. 149; *Myers* v. *McClana-*

*han*, 6 Gill & John. 250 ; *Parminter* v. *McDaniel*, 1 Hill, 267; *Boyd* v. *Boyd*, 2 N. & M. 125 ; *United States* v. *Nelson*, 2 Brock, 64 ; *Ayres* v. *Harness*, 1 Ham. 368 ; *McKee* v. *Hicks*, 2 Dev. 379.

It is believed that these decisions fully accord with the rule announced by the British courts. And it is for the plain reason that after the blank has been filled up, the deed ceases to be that which the parties executed. It is then of a different tenor, and is another instrument, as much so as if it was executed in a penalty for one sum, and was changed to a different and larger sum. And without consent, re-delivery, or a subsequent ratification, no one would suppose that such an alteration could be made without releasing the parties. In this case, there is no evidence that the sureties consented to the change, re-delivered the bond, or in any manner ratified the act done. And these cases held, that even if they had agreed that the blank might be filled after they had executed the bond, still they would not be bound, unless they had been present and consented, or had adopted the act by a subsequent delivery, or by a ratification of the change. As the plaintiff must however recover against all of the defendants sued upon a contract, or against none, the court below decided correctly in rendering judgment for costs in favor of the defendants, which is affirmed.

*Judgment affirmed.*