## Emile S. Guignon et al. v. Union Trust Company et al.

1. PROMISSORY NOTES—*Coupons for Interest Negotiated—Notice.*—Where interest upon a principal loan was secured by coupon notes, each contained this clause : " This is an interest note subject to deduction or total defeasance on payment of principal notes." *It was held* that in case of a payment of the principal note, if negotiated, there being nothing due thereon, no recovery could be had.

2. VARIANCE—*When Not Material.*—Where a notary was described in the body of a protest as Wm. H. Scudder, Jr., which was signed Wm. H. Scudder and sworn to by Wm. H. Scudder, Jr., *it was held* that the omission of the addition, Jr., in the one instance, does not justify the inference that two different persons officiated in the protest.

3. PROTESTS—*Demand of Payment.*—Where payment is demanded at the place the note is, by its terms, to be paid, other demand upon the maker is not required.

4. SAME—" *Notice of Dishonor.*"—A person who is a primary debtor, not an indorser, is not entitled to notice of dishonor.

5. SAME—*Days of Grace.*—The payment of a note due March 18th, is properly demanded March 21st, and protested for non-payment on the same day.

6. SOLICITOR'S FEES—*In Foreclosure Proceedings.*—Under a mortgage providing that compensation shall be made to the trustee for all services rendered, and that the mortgagor agrees to pay all expenses, fees and charges of the trustee in executing the trust, and it is so alleged in the bill, the reasonable solicitor's fees and compensation of the trustee for services are a lien upon the land and property included in the decree.

7. CONTRACTS—*When Subject to the Laws of Other States.*—When notes are dated, executed and made payable at a place in another State, and the mortgage securing them recites that the mortgagor and mortgagee are of the same place, it follows that the place fixed for the performance of the contracts is in such State and such notes and mortgage are contracts of such State, and subject to the provisions of its statutes as to forfeitures, non-payment and protest.

Memorandum.—Foreclosure proceedings. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

The opinion states the case.

SPENCER, VAN HOOREBEKE & FORD, attorneys for appellants.

A. & J. F. LEE, and CHARLES W. THOMAS, attorneys for appellees.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This was a suit brought by the Union Trust Company, trustee, William H. Alley, John B. Logan, Charles A. Mair, and the executors of the last will of Josephus Collett, deceased, against Emile S. Guignon, of St. Louis, Mo., and others, to foreclose a mortgage executed by Guignon to secure the purchase money of the lands in said mortgage described, amounting to $60,000, evidenced by his six principal promissory notes, for $6,666.66⅔ each, and notes for the interest thereon, in favor of said Collett, and three principal notes for the same sum each, and notes for the interest thereon, in favor of Emily C. Lyon. Three of said nine principal notes matured March 18, 1892, three March 18, 1893, and the remaining three March 18, 1894. The principal and interest notes maturing March 18, 1892, and the interest notes maturing September 18, 1892, were paid at maturity. Five of the unpaid Collett notes were undisposed of when he died, and were held by his executors, and the remaining unpaid five notes he sold to complainant Alley, two of which, maturing March 18, 1893, were protested by Scudder, notary. Emily C. Lyon sold the five unpaid notes payable to her, to complainant Mair before maturity. The principal note due March 18, 1893, and the note for interest thereon, due on same date, for $400, were protested by Carr, notary, and complainant Lyon, after the protest, bought them of Mair, because Lyon had guaranteed their payment. The remaining three of said unpaid notes are held and owned by Mair. Damages of four per cent on the amount of the protested notes were asked for in the bill, by virtue of the provisions of the Missouri statute, set out at length therein. The mortgage provides that compensation shall be made to the trustee for all services rendered, and also that the mortgagor agreed to pay all expenses, fees and charges of the said trust company in executing the trust. The bill also prays for an accounting and payment

of the amount which, under the bill and mortgage made part thereof, may be found due upon an account stated. The cause was heard by the court upon the bill, answer and evidence.

All the defendants except August Gehner appearing, and as to him the court found it had jurisdiction, and he having failed to answer, the bill was taken as confessed by him. The court found all the material allegations of the bill were true, setting out the findings specifically, and also that the Union Trust Company, complainant, was entitled to $2,650 as a reasonable compensation for its services and the necessary expenses incurred by it in and about the execution of the trust, and referred the cause to the master to compute the amount due each of the complainants in view of the findings, and the several notes which are part of the record, and the decree then further recites that on the 21st of December, the master presented his report finding $6,986.83 due complainant Mair, $7,720.33½ due complainant Lyons, $14,707.16 due complainant Alley, and $14,424.50 to complainant's executors, Jump and Bogart, and approves said report, and thereupon decrees that defendant Emile S. Guignon within thirty-five days from date of decree pay to each of said parties the sum so due to each respectively, with five per cent interest from date of decree upon all except said sum of $2,650, which shall be taxed and included as costs. Decree then provides for sale of mortgaged premises in case of default, subject to redemption.

Defendants appealed and bring up the record to this court. The following errors are assigned :

1. The decree is against the law and the evidence.

2. The decree is for too large an amount.

3. The court erred in allowing four per cent damages under the laws of Missouri, to Alley and Lyon.

4. The court erred in allowing $400 to the Union Trust Company for services, there being no evidence to support such allowance, nor prayer in the bill.

5. The court erred in allowing the Union Trust Company $2,250 for solicitor's fees. The amount is excessive,

and there is no provision in the mortgage nor prayer in the bill to that effect.

6.    The court erred in allowing the Union Trust Company $2,650 for services and expenses incurred in the execution of the trust, as a part of the decree and costs; and for other errors apparent in the record, appellants pray for a reversal, etc.

Under these assignments it is first objected that the master improperly allowed interest in his computation, upon the three principal notes for $6.666.66⅔ each, maturing March 18, 1894, from September 18, 1893, to December 18, 1893, the date of the decree. These three notes by their terms were not due until March 18, 1894, but because of the default in not paying the notes due March 18, 1893, became due, together with accrued interest by the terms of the mortgage, if the holders elected to declare them due, which they did.

The interest notes last matured for the interest on these three principal notes became due March 18, 1893, and were allowed in the computation, but the accruing interest on the principal, from that date, up to the date of the decree, was also equitably due the holders of said notes, and was properly included in the computation made by the master.

It is true, interest notes maturing March 18, 1894, were given, which would include and cover interest accruing for the period mentioned, but these notes were not figured in said computation, although offered in evidence, and each contained this clause :

" This is an interest note, subject to reduction or total defeasance, depending on payment on principal notes."

With such notice on the face of each note, it is quite improbable they could be sold to a purchaser for value, and if negotiated, there being nothing due thereon above the accruing interest so computed and allowed, no recovery could be had. It is also objected that the court erroneously allowed four per cent damages to complainants, Alley and Lyon, on protested notes, claimed in the bill to be due by virtue of the statute of Missouri. The mortgage notes held by Alley, so protested, were payable to Josephus Collett, one for

$6,666.66⅔, the other for $400, both due March 18, 1893, protested March 21, 1893, by Wm. H. Scudder, Jr., protest signed, Wm. H. Scudder, sworn to by Wm. H. Scudder, Jr., and it is insisted that the variance in the name of the notary is fatal, and that Wm. H. Scudder, Jr., named in the body and who swears to it, may be a different person from the Wm. H. Scudder who signs it.

In our judgment the omission of the addition " Jr." in the one instance, does not justify the inference that two different persons officiated in the protest, one making it and swearing to the fact, the other signing the certificate. Wm. H. Scudder and Wm. H. Scudder, Jr., was evidently one and the same person, and the court properly so held.

It is next insisted the protests are insufficient to entitle the complainants, owners of the protested paper, to recover the four per cent damages allowed by the Missouri statute, for the reason no demand was made on Guignon, nor was any notice given him of the dishonor of the paper. The payment was demanded at the office of the Union Trust Company in St. Louis, which was the place the notes were, by the terms thereof, to be paid. Other demand upon the maker was not required. Nor was he entitled to notice of dishonor. He was a primary debtor, not an indorser. 2d Daniel's Neg. Inst., 1st Ed. p. 47, Sec. 995; Donnell v. St. Louis Company, 80 Mo. 172.

It is next insisted the notes and mortgage are Illinois contracts, and are not within the operation of the Missouri statute, allowing damages of four per cent upon .the principal sum of a note duly presented for payment and protested for non-payment. The mortgage recites that Emile S. Guignon, the mortgagor, of St. Louis, Mo., mortgages and warrants to the Union Trust Company of St. Louis, Mo., trustee, the lands described in the bill. All the notes were dated, executed and made payable at the office of said Trust Company, in St. Louis. Hence, the place fixed for the performance of the contracts was St. Louis, and the notes are to be held Missouri contracts and subject to the provisions of said statute. Land Co. v. Roads, 54 Mo. App. 129.

It is further contended that the notes protested were indorsed by the payee in blank, and held by other parties at time of protest, not complainants in the bill, and who were then *prima facie* owners thereof, and therefore they, and not complainants Lyon and Alley, were alone entitled to the four per cent damages. The evidence of Lyon and Alley establishes the fact of their ownership of all of said notes as alleged in the bill, and they, as such, had the right to recover the damages allowed them respectively for non payment and protest. The indorsement in blank was not intended to, and did not vest the title of said protested notes or either of them in the Union Trust Company or State Bank of St. Louis. It is also insisted that the protests of the two Lyon notes pr )tested by Carr are void, because the certificates of protest are not verified by his affidavit. The record shows they were so verified, and counsel for appellant are also mistaken in their statement that it is not alleged in the bill that the notes were presented at the place where they were to be paid. It is further objected that as the notes were due March 18th, and the demand was made for payment on March 21st, and protested on same day, and three days grace being allowed by the law, the protest was premature. In each certificate of protest it is recited that the notary presented the note during business hours at the office of the Union Trust Company, St. Louis, Missouri, the place of payment, on March 21, 1893, and demanded payment, which the maker refused. In Cook v. Renick, 19 Ill. 507, it was held that in the absence of statutory provision to the contrary, bill presented for payment on last day of grace was presented in proper time. In the case of Corn Bk. v. Barksdale, 36 Mo. 373, it is said: "It seems to be clearly established by the general current of authority, that the protest must be made on the same day the presentment and demand is made."

We think, under the proof, the demand was made at the proper time, and the protest on the same day was not premature. The allowance of $2,250 solicitors' fees, and $400 for services of trustee to be taxed as costs, is assigned for

error. It is provided in the mortgage that compensation shall be made to the trustee for all services rendered, and that the mortgagor agrees to pay all expenses, fees and charges of the said trust company in executing this trust, and it is so alleged in the bill, and is prayed that an accounting be made and for payment of whatever may be found due complainants, under the allegations of the bill. In the absence of these clauses of the mortgage, the trustee would be entitled to its reasonable expenses incurred in the execution of the trust, and all such expenses are a lien upon the mortgaged premises. Perry on Trusts, Sec. 910. But with the provisions mentioned contained in the mortgage, there can be no doubt that necessary and reasonable solicitors' fees and reasonable compensation to the trustee for services, were intended to be provided for, and made a lien upon the land. The purpose was to secure to the mortgagees the payment in full of the principal and interest due them, exempt from any expense for collecting the same by law or in payment of the trustee's expenses and services in the execution of the trust. To collect the mortgage debt this proceeding in chancery became necessary, and the services of solicitors were required. Evidence was heard by the court showing that the amount allowed for such services and for compensation of the trustee was reasonable, and we do not feel justified in holding that it was excessive or unreasonable.

It was error to compute damages on the interest due at the date of decree, and order that they be paid, but appellees have entered a remittitur for the amount thereof, and cured the error. The decree is therefore modified by deducting from the amount allowed by the court below, the amount of the remittitur, and decreeing that the balance be paid, and as so modified the decree is affirmed.