### Nellie Johnson v. William Clegg, Trustee, et al.

#### Gen. No. 12,064.

1. Solicitor's fees—*when allowance of, improper in foreclosure proceeding.* Solicitor's fees in a foreclosure proceeding cannot be included in the costs unless it is authorized by the contract of the parties.

2. Solicitor's fees—*when trust deed does not provide for.* Where the specific provision contained in the trust deed provides for a percentage of the principal, etc., to be allowed as a solicitor's fee, but the amount of such percentage is left blank, it is equivalent to no provision at all and that specific provision failing, a general provision for reimbursement for all expenses will not sustain an allowance of solicitor's fees.

3. Deficiency decree—*when erroneous.* A deficiency decree awarded against one not personally liable for the debt is erroneous.

Foreclosure proceeding. Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed July 17, 1905.

**Statement by the Court.** In November, 1901, George Johnson and appellant, his wife, executed a trust deed upon premises therein described to secure the payment of the sum of $2,000, evidenced by three promissory notes signed by said George Johnson. The trust deed contained these provisions:

"It shall be lawful for the said party of the second part, or his successor in trust, or the person who may be appointed by the court to execute this trust, on application of the legal holder of said promissory note  .  .  .  .  or either of them, to enter into and upon and take possession of the premises hereby granted, or any part thereof, and to collect and receive all rents, issues and profits thereof, and in his

own name or otherwise to file a bill or bills in any court having jurisdiction thereof against the said party of. the first part, . . . . heirs, executors, administrators and assigns, to obtain a decree for the sale and conveyance of the whole or any part of said premises for the purposes herein specified, by said· party of the second part, as such trustee or as special commissioner, or otherwise, under order of court, and out of the proceeds of any such sale to first pay the costs of such suit, all costs of advertising, sale and conveyance, including the reasonable fees and commissions of said party of the second part, or the person who may be appointed to execute this trust, and . . . . per cent on the amount of such principal, interest and costs for attorney's and solicitor's fees, and also all other expenses of this trust, including all moneys advanced for insurance, taxes, and other liens or assessments, with interest thereon at eight per cent per annum, then to pay the principal of said note," etc.

October 15, 1902, George Johnson conveyed to appellant the undivided one-half of the premises in question. December 8, 1903, appellant filed her bill for a partition of the mortgaged premises, subject to the lien of said trust deed, making the appellees defendants thereto. This bill is still pending. January 12, 1904, appellees filed this bill of foreclosure. It is alleged therein that it is provided in said trust deed that· in case of foreclosure appellees should be allowed and paid their reasonable solicitor's fees, "and your complainants complain that by the.filing of this bill under this clause of said trust deed there is now due to complain-' ants and their solicitor, John C. Trainor, herein for solicitor's fees the sum of $200, as provided in said trust deed." The bill also referred to said partition suit. May 19, 1904, a stipulation, entitled in this cause and signed by George Johnson only, was filed herein, which provided that the sum of $250 for solicitor's fees should be included in the amount found due by the master.

Appellant answered said bill, alleging (among other things) that she is the owner of an undivided one-half inter-

est in said premises; admits that on December 8, 1903, she filed her bill for partition, which suit is still pending; and denies that the complainants are entitled to $200 or any sum for solicitor's fees by reason of said partition suit, or that complainants are entitled to relief, or ought to have execution against her for any deficit.

The master found, among other things, as a conclusion of law, that by the stipulation filed appellees were entitled to a lien of $250 against the undivided half interest of George Johnson in said premises for solicitor's fees; and that the record does not authorize the allowance of a solicitor's or trustee's fee against the undivided one-half interest of appellant in said premises. Appellees filed objections before the master to this conclusion, which objections were ordered to stand as exceptions in that particular to the master's report. In the decree of the court these exceptions to the master's report were sustained, and the sum of $250 was allowed appellees for solicitor's fees necessarily expended by the trustee in and about the execution of his trust, to be taxed as costs; and in case of a deficit on sale said appellee Wilkinson was to have execution for the same against appellant and said George Johnson.

From this decree the present appeal was perfected.

Frederic R. DeYoung, for appellant.

John C. Trainor, for appellee.

Mr. Presiding Justice Ball delivered the opinion of the court.

A solicitor's fee in a foreclosure proceeding cannot be included in the costs unless it is authorized by the contract of the parties. In Conwell v. McCowan, 53 Ill., 364, it is decided that "The court erred in allowing for money advanced by the solicitor and his fee. They were not statutory fees or charges." In Eimer v. Eimer, 47 Ill., 375, the Supreme Court say: "Under the practice of our courts, statutory costs alone are taxable, and attorney's or solicitor's fees not being of that character, this court has repeatedly

Johnson v. Clegg.

held that it was error for the Chancellor to allow such fees or to decree their payment."

In Clawson v. Munson, 55 Ill., 394, where the mortgage contained a clause that in case the sum of money received thereby was not paid according to the tenor and effect of the notes, the mortgagor would "pay all attorney's fees for the collection of said sum of money," and upon *scire facias* to foreclose the mortgage the trial court had included the sum of $110 as such reasonable attorney's fee, the Supreme Court declared: "We can only say, that the appellants provided, by their express agreement, in the mortgage, for all the consequences that have followed, in case of default in prompt payment, and that they could have avoided all hardships by paying the note at maturity. It is not in the power of the court to relieve a party from the force and consequences of his own agreement."

In Atwood v. Whittemore, 94 Ill. App., 294, in a foreclosure proceeding the mortgage allowed $100 for attorney's and solicitor's fees. It also contained another provision, that "said grantor shall pay all costs and attorney's fees incurred or paid by said grantee or the holder or holders of said note, in any suit in which either of them may be plaintiff or defendant, by reason of being a party to said trust deed or a holder of said note, and that the same shall be a lien on said premises, and may be included in any decree ordering the sale of said premises, and taken out of the proceeds of any sale thereof." No evidence was offered to show that any costs or attorney's fees were incurred or paid by defendant in error in any suit other than in this foreclosure suit. The decree included the sum of $500 as a reasonable solicitor's fee. Upon appeal, we reversed the decree in this regard, saying: "In the absence of statutory provision, the entire matter of decreeing an allowance of any sum as attorney's or solicitor's fees in the foreclosure proceedings, to be paid out of the proceeds of foreclosure sale, rests solely upon contract. In the absence of any contract for such allowance, it could not be made." (Citing cases.)

In Soles v. Sheppard, 99 Ill., 619, the mortgage provided for the payment of a solicitor's fee in case of a foreclosure. Being made a defendant in a suit to foreclose a prior incumbrance, the holder of the note filed an answer and a cross-bill. The decree gave him solicitor's fees. The court, finding that the cross-bill was unnecessary, because the foreclosure of the prior mortgage afforded him full relief, held that the allowance of solicitor's fees was reversible error.

The provision, "and  .  .  per cent on the amount of such principal, interest and costs for attorney's and solicitor's fees," is an agreement that nothing shall be paid for such services. No one, not even the chancellor, has authority to fill that blank. If it were filled that act would be a material alteration of the instrument and would render it void. In People v. Organ, 27 Ill., 27, a bond was signed and sealed with the penalty omitted. It was afterwards inserted with the consent of the principal, but without the knowledge of the sureties. The court held that the sureties were not bound, saying: "It (the bond) is then of a different tenor and is another instrument, as much so as if it was executed in a penalty for one sum and was changed to a different and larger sum."

This specific provision being of no avail, appellees cannot support the decree in this particular by any general provision contained in the deed of trust relating to costs and attorney's fees, such as "and also all other expenses of this trust."

Henke v. Gunzenhauser, 195 Ill., 130, was a foreclosure suit. The trust deed provided a solicitor's fee of $100. It was also agreed therein "that said grantors shall pay all costs and attorney's fees incurred or paid by the said grantee or the holder or holders of said notes in any suit," etc. The decree found and allowed $625 as a reasonable solicitor's fee. This decree was reversed by this court. Upon appeal the Supreme Court held that while $100 was an unreasonably low solicitor's fee, it was the contract of the parties and they were bound thereby; and that the first

clause was clearly applicable to a foreclosure proceeding and to nothing else, while the second provision referred to suits "other than a proceeding to foreclose the mortgage." The court said: "That the allowance of an attorney's fee in this State rests solely upon a contract between the parties. If no attorney's or solicitor's fee is agreed to be paid, none can be allowed, and if there is an agreement to pay a certain amount, that amount limits the allowance, and it can not be increased, though if unreasonable it may be diminished." See also Atwood v. Whittemore, *supra.*

Appellants, to sustain their contention, cite Guignon v. Union Trust Co., 156 Ill., 135, (S. C. 53 Ill. App. 581). We think it is not here in point. In that case the mortgage contained this clause: "The mortgagor agrees to pay all expenses of such releases, as well as all other fees and charges of the said trust Company in executing this trust." The court held that "The Company was not a lawyer, and could not, without the assistance of a solicitor, foreclose the mortgage, and whatever expense the Company incurred in foreclosing the mortgage, reasonable in amount, would in our opinion, fall within the clause of the mortgage, *supra,* providing for fees and charges."

The decree also provides that in case a deficiency arises from the sale, appellee Wilkinson may have an execution therefor against said George Johnson and appellant. The debt is that of George Johnson only. Appellant, by reason of this indebtedness, may lose her interest in these premises, but she assumed no personal liability for this debt, and cannot be so held.

The decree of the Circuit Court is reversed and the cause is remanded.

*Reversed and remanded.*