THE SOUTH MISSOURI LAND COMPANY, Appellant, v. C. B. RHODES, Respondent.

Kansas City Court of Appeals, May 1, 1893.

1. **Payment: RULE AS TO.** To constitute a payment, money or some other valuable thing must be delivered by the debtor to the creditor for the purpose of extinguishing the debt, and the creditor must receive it for that purpose.

2. **————: MARGINAL RELEASE OF MORTGAGE: ESTOPPEL.** The marginal release of a mortgage reciting the payment of the debt operates as estoppel on the right of any owner of a note to have recourse against the land as security as to subsequent purchasers and incumbrancers thereof, but otherwise such release is but a receipt and is open to explanation like any other receipt, and the cancellation and destruction of a note does not necessarily have the effect to discharge the maker.

3. **Interest: PRESUMPTIONS AS TO PLACE OF MAKING NOTE: KANSAS NOTE: MISSOURI MORTGAGE.** In the absence of evidence to the contrary, a note is presumed to have been made in the state where dated, and a note dated in Kansas and bearing the Kansas rate of interest will not be usurious in Missouri, though secured by a mortgage on Missouri land.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED *(with directions).*

*McClure & Bowling,* for appellant.

(1) The entry of satisfaction is nothing but a receipt, is only *prima facie* and not conclusive evidence

of payment. *Joerdens v. Schrimpf*, 77 Mo. 383–387; *Knox Co. v. Goggin*, 105 Mo. 182–189; *Christy v. Scott*, 31 Mo. App. 337; *Chappel v. Allen*, 38 Mo. 223; *Valle v. Iron Mountain Co.*, 27 Mo. 455; *Crosby v. Chase*, 17 Me. 371; *Bean v. Boothly*, 57 Me. 303; *Homer v. Grasholz*, 33 Md. 525; *Peter's Appeal*, 2 Cent. Pa. 528; *Hughes v. Torrence*, 2 Cent. Pa. 334; *Ferguson v. Glassford*, 12 West. Rep. (Mich.) 436; *Ins. Trust & Safe Deposit Co. v. Railroad*, 9 S. E. Rep. (W. Va.) 180; *Seiberling v. Tipton*, 113 Mo. 373. (2) The note sued on in the absence of proof will be presumed to have been made where dated. Randolph on Commercial Paper, sec. 26. Hence this was a Kansas contract and the interest shown to be legal in that state can be collected here. 3 Randolph on Commercial Paper, sec. 1707, and cases cited. That the note was secured by deed of trust on land in this state does not make it a Missouri contract. *De Wolf v. Johnson*, 10 Wheat. 367; *Dolman v. Cook*, 1 McCart. 56–62; *Andrew v. Torrey*, 1 McCart. 357; *Cathial v. Blydenburgh*, Halst. Ch. 17.

*Cole & Ditty*, for respondent.

(1) When the note was canceled it was in effect destroyed. Its satisfaction utterly did away with its value. The validity and legal effect of the note were gone. *Greenabaum v. Elliott, Adm'r*, 60 Mo. 28–29; *Patrick v. Gas Light Co.*, 17 Mo. App. 466; *Burr v. Smith*, 21 Barb. 262; 3 Randolph on Commercial Paper, sec. 1841 (1888), p. 956. (2) The legislature in amending section 7094, Revised Statutes, 1889, intended to remove forever from the jurisprudence of this state any question as to whether notes secured by real estate had an end put to their vitality when releases were entered upon the margin of the record by an assignee.

SMITH, P. J.—Action on a promissory note. Defense was payment. The undisputed facts in the case are that defendant made his promissory note for $150 to the Van Fossen & Wilcox Investment Company to secure which he executed a deed of trust on one hundred and sixty acres of land in Barton county. Afterwards the said investment company was reorganized under the name of the Union Loan and Trust Company and succeeded to the ownership of said defendant's promissory note; that later on the defendant sold the land incumbered by said deed of trust lien, and after successive conveyances G. H. Nettleton became the owner thereof, as trustee for plaintiff; that, when said note of defendant became due, J. S. Ford, the comptroller of the plaintiff, purchased said note of the Union Loan and Trust Company, taking an assignment thereof to himself; that the said comptroller assigned the note to George E. Bowling for the purpose of having said land released from the lien of said deed of trust; that the said Bowling had said deed of trust lien released on the margin of the record. The marginal note on the record reads:

"The debt mentioned in the within deed of trust having been fully paid and discharged, I hereby acknowledge satisfaction in full and release the property therein conveyed from lien and incumbrance thereon.                      GEORGE E. BOWLING,
                      "Assignee of Beneficiary."

The testimony of the comptroller was that the word "paid" marked upon the face of the note was placed there by mistake while in plaintiff's possession, and that the note had never been paid. Upon this state of facts the court peremptorily directed the jury to return a verdict for defendant and entered judgment thereon accordingly.

The single question is: Do the foregoing facts show a payment of the note? It is conceded that the record marginal entry constitutes a valid release of the lien of the deed of trust on the land, but the question is what is the effect of this entry upon the defendant's obligation to pay the note. Are the recitals in this entry conclusive evidence of the payment? It has been decided that to constitute a payment, money or some other valuable thing must be delivered by the debtor to the creditor for the purpose of extinguishing the debt, and the creditor must receive it for that purpose. *Kingston Bank v. Gray*, 19 Barb. 459. There is not a semblance of evidence according to this rule that the defendant has ever paid the note. While the marginal record entry states the note has been paid, the evidence otherwise shows that in truth and in fact it has not been paid. As the only evidence of payment is the recital on the margin of the record, it remains to be determined whether this recital concludes the holder of the note. This recital as to subsequent purchasers and incumbrances of the land is conclusive evidence of the fact of the release of the land from the operation of the lien of the deed of trust. As to the land it no longer stood as a security for the payment of the debt. The record recital would operate as an estoppel on the right of any owner of the note to have recourse against the land as a security. The entry of satisfaction is nothing but a receipt, is only *prima facie*, and not conclusive, evidence of payment, and is open to explanation like any other receipt. *Joerdens v. Schrimpf*, 77 Mo. 383; *Knox Co. v. Goggin*, 105 Mo. 182; *Christy v. Scott*, 31 Mo. App. 337. It was therefore competent to prove that while the record entry showed that the debt had been discharged as to the land, that it was not so as to the defendant who owed the debt. A cancellation

and destruction of a note does not necessarily have the effect to discharge the maker's obligation to pay the debt which it evidences.   The evidence *aliunde* the marginal record shows quite conclusively that it was the intention of the plaintiff to release the land from the lien of the deed of trust, but not to extinguish the debt. It is everyday experience that real property is released by appropriate instruments in writing from the liens of mortgages and deeds of trust without discharging the debt.   Under the facts of this case we think it plain that the lien of the deed of trust was released, but that the debt remained unpaid.

The note is dated Fort Scott, Kansas, and bears interest at the rate of twelve per cent. per annum. There was no evidence adduced showing that it was made at a place other than where dated, and such being the case the legal presumption is that it was made in the state of Kansas where dated.   1 Randolph on Commercial Paper, 26; *Ins. Co. v. Simons*, 52 Mo. 357. And so it has been held that where a loan is secured by a mortgage on land lying in another state a note and mortgage at a rate of interest valid where they were given will not be rendered usurious by the law of the state where the land lies.   1 Randolph on Commercial Paper, sec. 27, and cases cited in note 1. Under the statute of Kansas. (Statutes of Kansas, section 2, chapter 51) introduced in evidence, parties to any bill, bond or promissory note may stipulate therein for interest at a rate not exceeding twelve per cent. per annum.   It results that the interest stipulated in this note was not usurious and can be enforced in this state.

It follows from these considerations that the plaintiff, and not the defendant, should have recovered in the court below, and for that reason the judgment will be reversed and the cause remanded with directions to

the circuit court to give judgment for plaintiff for the amount of the note and the interest that has accrued thereon at the rate of twelve per cent. per annum from the maturity thereof.    All concur.