[Campbell, Guardian, Etc. v. Weakley, Adm'r.]

# Campbell, Guardian, Etc. *v.* Weakley, Adm'r.

### *Bill Against Executor for Settlement and Distribution.*

1. · *Wills; construction of.*—A cardinal rule·for the construction of wills is to ascertain the intention of the testator and give it effect, if not prohibied by law.

2. *Devisees; rule as to.*—The law inclines to regard devises and legacies as vested rather than contingent; and in doubtful cases an interest shall, if possible, be construed to be vested in the first instance, but if it cannot be so construed, it shall at least be construed to become vested as early as possible, a principle applicable alike to real and personal property.

3. *Devisees when tenants in common.*—If a testator by his will leaves his estate in trust to his executors for a given·period, at the expiration of which it is to be divided, the devisees, when the limitation of the trust estate expires, own the property before division as tenants in common.

4. *Agreement of devisees when cannot affect the provisions of the will.*—An agreement between the devisees of full age that the executors continue to hold the estate and manage the same according to the terms of the will, has no effect on the provisions of the will, and does not interfere with the vesting of their gifts at the time provided in the will; it is an agreement of the devisees with the executors, and not one directed or authorized by the testator in his will to be made.

APPEAL from the City Court of Birmingham.

Heard before the Hon. W. W. WILKERSON.

The bill in this cause was filed by Samuel D. Weakley as the administrator of Joseph P. Mudd, deceased, and sought a settlement of the·accounts of William A. Walker, as the executor of William S. Mudd, deceased, and a distribution of the estate of his testator. William A. Walker, the devisees and legatees under the will of William S. Mudd, and the minor children of Jos. P. Mudd, were made defendants. E. K. Campbell was appointed guardian *ad litem* for the two minor children of Jos. P. Mudd. The case was disposed of in the court

[Campbell, Guardian, Etc. v. Weakley, Adm'r.]

below by the decree on the demurrer interposed by the guardian *ad litem*. The facts necessary to be stated, as shown by the bill are these: William S. Mudd died, leaving a large estate, which he disposed of by will to his children. Walker and Jos. P. Mudd qualified as executors. By the terms of the will the executors were directed to keep the estate together for ten years in trust for the devisees and legatees named, and at the expiration of the period named to divide the same between them. When the ten years had expired the children of the testator, being the devisees and legatees under the will, and being all of full age, agreed that the estate should be still kept together by the executors and that the rents, incomes and profits should be disposed of as provided in the will. After this agreement the said Jos. P. Mudd died, leaving two children, both minors. The contention made by the guardian *ad litem* of these children was that, inasmuch as the estate of Wm. S. Mudd was not distributed at the expiration of the ten years from his decease, as provided in his will, the title to the property devised did not then vest in the devisees; and, further, as no distribution took place in the life time of Jos. P. Mudd, and consequently as no title in him as devisee ever vested, his children were entitled to the share of the estate devised to him, not through him, but directly from their grandfather. They alleged as grounds of their demurrer that by the terms of the will of Wm. S. Mudd as set out in the bill, if at the time of the division of the trust estate, Jos. P. Mudd should be dead, the share in said estate to which he would be entitled if living, "should descend to, vest in, and become the property of his widow and heirs at law," and that the bill shows that these respondents are his only heirs at law. The demurrer was overruled, and from this decree the guardian *ad litem* appealed and now assigns it as error.

Affirmed.

TILLMAN & CAMPBELL, for appellants, contended that the title to the real estate mentioned in the will was not in Jos. P. Mudd at the time of his death; and therefore by the terms of the will of William S. Mudd it was vested

[Campbell, Guardian, Etc. v. Weakley, Adm'r ]

in the children of Jos. P. Mudd.    Or that if mistaken in
this the interest devised to Jos. P. Mudd was not a
vested, but continued interest; and the contingency not
having happened in his lifetime, it could not become
vested in him, citing the following authorities: *Gregg v.
Bethea,* 6 Porter, 9; *High v. Worsley,* 32 Ala. 712; *Travis
v. Morrison,* 28 Ala. 498; *Adams v. Beekman,* 1 Paige,
632; *Nash v. Nash,* 94 Mass., 345; *Colt v. Hubbard,* 33
Conn., 281; 29 Am. & Eng. Ency. Law, Sec. 6, p. 454;
*Grimball v. Patton,* 70 Ala. 626; *McBryde v. Smyth,* 54
Pa. St., 245; *Gosson v. Ladd,* 77 Ala. 232.

E. H. CABANISS, *contra.*—The agreement among the
heirs did not increase the estate in the executors, but
simply constituted them agents of the parties in interest.
20 Am. & Eng. Law, pp. 889, 947; 29 *Ib.* 369; *Foster v.
Holland,* 56 Ala. 480; *Bethea v. Bethea,* 115 Ala. 271.

HARALSON, J.—The cardinal rule, the one above all
others for the construction of wills is, to ascertain the
intention of the testator and give it effect, if not pro-
hibited by law.—*Wolffe v. Loeb,* 98 Ala. 426.

"Every estate in lands is to be taken as a fee simple,
although the words necessary to create an estate of in-
heritance are not used, unless it clearly appears that a
less estate was intended."—Code, § 1020 (1824).

The law inclines to regard devisees and legacies as
vested rather than contingent, and this rule is applied,
when the intention is obscure or doubtful.—*Bethea v.
Bethea,* 116 Ala. 265; *Foster v. Holland,* 56 Ala. 474.

As to the partiality of the law for vested over contin-
gent estates, it is well settled, that in doubtful cases an
interest shall, if possible, be construed to be vested in
the first instance, rather than contingent, but if it can-
not be so construed, it shall at least be construed to be-
come vested as early as possible, a principle applicable
alike to real and personal property.—29 Am. & Eng.
Ency. Law, 441-445, 468, and authorities cited.

A casual reading of the will to be construed, displays
the testator's unmistakable intention in the gifts he
made, as to the character of the estate he gave, and when
they should vest.    In the 4th item he said, "I give, devise

and bequeath to my executors hereinafter named, all my property and estate, not otherwise disposed of by this will, of whatever character and description, to have and to hold for the period of ten years, for the sole, separate and exclusive use and benefit of my son, Joseph P. Mudd, and my four daughters, [naming them] subject to the following trusts, limitations and conditions." As to his real estate, with the disposition of which we have here to do, he said: "I direct and require my said executors, to rent or lease my real estate, situated in and near the said city of Birmingham, from year to year, for a period or periods of years, during the continuance of said trust estate, and to receive and collect the rents and income from said estate." Here he limits the duration of any renting to a period of ten years after his death. After providing for the payment of expenses attending the administration of the trust, he directed, as to the income from rents of lands and other sources, such as interest on loans, investments and dividends on stock, that "said executors shall, monthly or quarterly, as they may deem best, divide the remainder of said rents, incomes, dividends, profits and interest accruing as aforesaid, during the continuance of said trust estate, equally between my said son and four daughters." Here again is displayed the purpose in committing the trust to his executors for the period named, to be for accumulation for the benefit of his children, and that their interest would be the better subserved by such a course.

In the 9th item he provided: "After the expiration of ten years after my death, I direct and require my said executors to divide all of said trust estate between my said son and four daughters, etc." Repeatedly, and not less than some seven times, he referred to the period the executors were to keep his estate together and rent it out, for the benefit of his son and daughters, as "ten years after my death." As indicating the same period of time, and as synonymous in that respect, with the expression, "ten years after my death," he as many times used the expression, "during the continuance of said trust."

Having definitely directed and required, in as clear terms as he could employ, that his executors should di-

vide all the said trust estate between his son and daughters, "after the expiration of said ten years after my [his] death;" and after having as definitely and as often employed the expression, "during the continuance of said trust," as indicating the said ten year period, he again many times uses the expressions, "at the time of such division," and "on such division," meaning thereby, the division which he directed and required his executors to make at a certain and fixed, and not at an uncertain and indefinte time, resting in their discretion. He took very great and abundant caution, to fix a definite period of time when the estate entrusted to his executors should cease, and be divided between his said son and four daughters. At the close of the trust estate, these parties could, by proper proceedings, if the executors refused to divide, have compelled the division directed and required at that time to be made to them, for, they then became the absolute owners of the property, divested of all interest in or power over it by the executors as trustees.

The will provided, that "If at the time such division of said trust estate is made by my executors, my said son, Jos. P. Mudd, shall then be living, he shall take and be vested with an absolute fee simple title to the share of said trust estate allotted to him on such division, and if at the time such division of said trust estate is made by my said executors, my said son, Jos. P. Mudd, shall then be dead, then and in that event, the share of said trust estate to which my said son would be entitled, if living, shall descend to, vest in and become the property of his widow and heirs at law, in the same manner as property of like kind descends under and by virtue of the laws of Alabama."

It is alleged that said ten year period expired several years prior to the death of said Jos. P. Mudd, complainant's intestate; that at his death he left no widow, his wife having previously died, and that he left only two children, Wm. S. and Jos. P. Mudd, the infant defendants. It is further shown, that on the expiration of said ten year period, the said Jos. P. Mudd and the four daughters, all being of full age, agreed that it was inadvisable to have a division of said trust estate at that time, and that the same should be continued to be held

by the said Wm. A. Walker and Jos. P. Mudd, as executors, and that the rents, incomes and profits of said estate should be received and disposed of by them in accordance with the provisions and terms of said will.

It cannot be supposed from the language employed, that the testator intended to give his executors a larger estate than one for ten years. Moreover, this estate was given them for accumulation for the benefit of his devisees and legatees, and beyond ten years, under the statute, as he is presumed to have known, no estate created for such purposes could have any force or effect. Code, § 1031 (1835). The agreement referred to between the five children of the testator for the executor to continue to hold the estate, after the expiration of the ten year period, and deal with it as they had been doing under the will, was their agreement with the executors—not one directed or authorized by testator in his will to be made—and such agreement had no effect on the provisions of the will. The son and daughters, being the absolute owners of the property, had the right to deal with it as they pleased, and if they postponed the division among themselves which the will required to be made at a certain time, this did not interfere with the vesting of their gifts at the time the testator in his will directed they should vest.

Our conclusion is, that complainant's intestate, said Jos. P. Mudd, and the other four named children, being alive at the expiration of the period of ten years from testator's death, took the estate absolutely as tenants in common. The demurrer of the infant defendants, on the ground, substantially, that complainant's intestate having died before the division of said trust estate was made, they succeeded to all the rights thereto, to which their father would have been entitled if living, was properly overruled.

Affirmed.