# Long Bros. *v*. Jennings.

*Action to recover Statutory Penalty.*

1. *Action to recover statutory penalty for failure to enter personal payment on mortgage record; delivery of notice to general agent sufficient.*—After making a partial payment upon a mortgage, the written request of the mortgagor, addressed to the mortgagee to enter partial payment upon the margin of the mortgage record and delivered to the agent of the mortgagee, who was shown to be the general agent, is a sufficient compliance with the statute (Code, § 1065; Acts of 1898-99, p. 26), requiring notice to the mortgagee of the request; and upon the mortgagee's failure to enter a partial payment on the margin of the record in compliance with such request, he is liable to the mortgagor for the penalty fixed by the statute.

2. *Agency; when one shown to be general agent of the partnership.* The agent of a partnership carrying on a mercantile business, who negotiates mortgages to secure advances made by said firm and draws up said mortgages and receives payment made on such instruments, and is shown to be the credit man of the firm, and in the absence of their business manager conducts their business as a general agent, as such has authority to enter upon the margin of the record of the mortgage partial payments made thereon; and, therefore, a written request asking for the entry of a partial payment on the margin of the mortgage record delivered to such general agent by the mortgagor, is a sufficient notice to the mortgagee under the statute imposing a penalty for failure to comply with such request.

3. *Action to recover statutory penalty for failure to enter partial payment on mortgage record; mortgage admissible in evidence.* In an action to recover the statutory penalty for failure, upon written request to enter partial payments upon a mortgage debt upon the margin of the mortgage record, the original mortgage upon which the partial payments was made is admissible in evidence; and the fact that the date for the payment of the note, which it was given to secure is not accurately stated in the mortgage and appears different from what is averred in the complaint, does not render such mortgage inadmissible.

APPEAL from the Law and Equity Court of Walker County.

Tried before the Hon. PEYTON NORVELL...

This was an action brought by the appellee, J. A. Jennings, against the appellants, Long Brothers, to recover the statutory penalty of $200 for failing, after request in writing, to enter on the record of a mortgage a partial payment.

In the complaint the mortgage was described as having been executed on February 3, 1900, and as having been given to secure the payment of a promissory note executed on February 3, 1900 and due October 15, 1900.

On the trial of the cause the plaintiff offered to introduce in evidence the mortgage which was shown to have been given by him to the defendants. This mortgage contained the following recital: "Whereas I am indebted to Long Brothers in the sum of $25 by promissory note, dated 3d, February 1900, and due the 15th Oct. 189   ." The defendants objected to the introduction of said mortgage in evidence, upon the ground that it was not the mortgage described in the complaint, in that it did not correspond in dates to said mortgage. The court overruled this objection, and the defendant duly excepted. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence the court at the request of the plaintiff gave the general affirmative charge in his behalf, and to the giving of the charge the defendants duly excepted.

There were verdict and judgment for the plaintiff, assessing his damages at $200. The defendants appeal and assign as error the several rulings of the court to which exceptions were reserved.

J. J. RAY and D. A. McGREGOR, for appellant, cited *Renfro v. Adams*, 62 Ala. 302; *Jurratt v. McCabe*, 75 Ala. 325; *Loeb v. Huddleston*, 105 Ala. 257; Wade on Notice, § 640; 2 Taylor's Land & Ten., § 484.

COLEMAN & BANKHEAD, contra.—It may be stated as a broad proposition that notice to an agent is in the contemplation of the law notice to the principal.—1 Am. & Eng. Ency. of Law (2d ed.), p. 1140.

Actual notice to the agent is implied notice to his principal.—Smith v. Oliver, 31 Ala. 39.

If notice, actual or implied, is brought home to an agent or attorney it is immaterial whether the principal has personal knowledge of the fact, since the principal is presumed both at law and in equity to know whatever his agent knows.—Wiley v. Knight, 27 Ala. 336.

Notice received or knowledge acquired by cashier of a bank while engaged in the transaction of business in accordance with the general usage and practice of banking institutions, and within the general apparent line of his duty and authority as cashier, is notice to and knowledge of the bank.—Birmingham Trust & Savings Co. v. Louisiana National Bank, 99 Ala. 379.

No specified form of notice is required.—Chattanooga National B. & L. Association v. Echols, 27 Southern Reporter, 975; Steiner v. Snow, 80 Ala. 45; N. S. B. & L. Association, 121 Ala. 465.

The burden of showing that partial payments were entered on the record is on defendant.—Loeb v. Huddleston, 105 Ala. 257.


TYSON, J.—This is an action brought by plaintiff, a mortgagor, against the defendants, mortgagees, to recover the statutory penalty of two hundred dollars for failure to enter on the margin of the record of the mortgage, a partial payment.—§ 1065 of Code; Acts, 1898-99, p. 26. The evidence without conflict, establishes the execution of the mortgage, its recordation, the amount of the partial payment that was made by plaintiff on the mortgage, a written request by him upon defendants, to enter the same upon the margin of the record and a delivery of that request, in the absence of their business manager, to one R. W. Long, who was an agent of defendants, more than thirty days before

the institution of this suit. The only question presented by the record of any moment, is whether the notice that R. W. Long received by the delivery of the written request to him, was sufficient notice to the defendants of that request and imposed upon them the duty required by the statute of entering the partial payment on the margin of the record.

In *Loeb v. Huddleston,* 105 Ala. 257, it is said: "The statute does not prescribe the manner in which the request must be brought to the knowledge of the mortgagee." Indeed, the opinion in that case inferentially recognizes that the request may be delivered to an agent and thereby bind the principal. Of course, the nature and character of the agency must be taken into consideration in determining the question. If knowledge of the request could only be fixed on a mortgagee by a delivery of the request to him or it personally, excluding for that purpose a delivery to an agent, the statute would oftentimes be defeated. For instance, when a mortgage is executed to a corporation, the only method by which notice could be given to it to enter partial payments or satisfaction upon the margin of the record, would be by a delivery of the request to an agent. And, if delivered to a general agent of the corporation, can it be doubted, that this would be notice to the corporation? We think not. So here, all the evidence showing without controversy that the plaintiff made the trade for the advancement of the goods with R. W. Long, who drew up the mortgage to secure those advances, and had all his dealings with R. W. Long with reference to the taking of said mortgage, and also that he made the payment to R. W. Long upon said mortgage, instructing him to credit said payment on the mortgage debt, when taken in connection with the further fact that R. W. Long was the credit man of the firm of Long Brothers, and in the absence of the business manager of that firm he conducted their business, it must be held that R. W. Long was the general manager of the defendant partnership, and that notice to him was notice to the partnership. To see that R. W.

13c

Long was a general agent to defendants, we have only to apply the definition of that term as found in *Gibson v. Snow Hardware Co.*, 94 Ala. 352, to the facts as disclosed by his own testimony. Being a general agent, we do not doubt that he had authority to have entered the payment made to him by plaintiff on the mortgage debt on the margin of the record. It is true he does say that he had no such authority, but this is clearly an erroneous conclusion which he deduces from the facts.

There was clearly no error in admitting the mortgage in evidence.

Affirmed.