# Stakely *v.* Ex Com. of Foreign Missions of Presbyterian Church.

*Assumpsit.*

(DECIDED DEC. 21, 1905, 39 So. REP. 653.)

*Executors and Administrators; Presentation of Claims; Limitations.*
    L. A. Hopper died and letters were issued on her estate to J. O.
    S. as executor Sept. 7th, 1888, and W. M. Stakely became surety
    on the bond; W. M. S. died and on Sept. 13th, 1898, letters is-
    sued to J. O. S. as administrator of his estate; the life tenant
    under the Hopper will died May 29th, 1901; on April 20th,
    1903, judgment was rendered by probate court against J. O.
    S. as executor of the estate of L. A. H. in favor of appellees
    for $3,562.62; execution returned no property found; Dec.
    13th, 1903, this suit is begun against the executor of the surety
    on the bond.—Held, that as the legacy to appellees under the
    will of L. A. H. was contingent, and in this case, the amount
    of the legacy was not ascertained until the judgment of April
    20th, 1903, and this suit to collect it was begun Dec. 13th,

1903, the claim was not within the statute of non-claim, so as to bar the right of recovery.

APPEAL from Bullock Circuit Court.

Heard before Hon. A. A. EVANS.

This action was begun by the Executive Committee of Foreign Missions to recover of. J. O. Stakely as executor of the estate of William Stakely, who was surety on the bond of J. O. Stakely as Executor of L. A. Hopper deceased, the amount of a decree rendered by the probate court of Bullock county against J. O. Stakely as executor of the estate of L. A. Hopper, and in favor of plaintiff, after execution returned no property found. The facts sufficiently appear in the opinion. There was verdict for the defendant and upon motion by plaintiff, the judgment and verdict was set aside. It is from this order granting a new trial that this appeal is prosecuted.

J. D. NORMAN, for appellant.—The court below erred in granting a motion for a new trial because the evidence showed that the claim, which is the foundation of the suit was barred by the statute of non claim.— Section 130, Code 1896.—*Bibb and Falkner v. Mitchell,* 58 Ala. 657; *Smith v. Fellows,* 58 Ala. 467; 3 Brickell's Dig. 473; *Fretwell v. McLemore,* 52 Ala. 137. This claim was a claim against the intestate W. M. Stakely, Sr., at the time of his death, and was such a claim as should have been presented within twelve months after grant of letters of executorship.—*Fretwell v. McLemore, supra; McDowell v. Jones,* 58 Ala. 25; *Foster v. Holland,* 56 Ala. 474.

D. S. BETHUNE, for appellee.—The court committed no error in granting the motion for a new trial.

Liability of surety is continuous, notwithstanding the death of the surety, and a default does not occur until after his death—*Hightower v. Moon,* 46 Ala. 387.

A judgment or decree rendered against the principal is in the nature of a judicial admission made by him, and in the absence of fraud or collusion is binding and conclusive on the sureties.—*Grace v. Martin,* 47 Ala.

135; *Searcell v. Buckley*, 54 Ala. 592; *Jones v. Ritter*, 56 Ala. 270; *Martin r. Tally*, 72 Ala. 23.

The judicial ascertainment creates the cause of action against the surety, authorizing the enforcement of the liability imposed by the bond.—*McDowell v. Brantley*, 80 Ala. 178; *Fretwell v. McLemore*, 52 Ala. 124.

The commencement of a suit within the statutory period and its continued prosecution operates as a presentment of the claim upon which the suit is founded.— *Floyd r. Clayton*, 67 Ala. 270; *Hunley Exr. v. Sheford*, 11 Ala. 203.

The liability of a surety on an administration bond is contingent, until the principal shall fail in the performance of a duty required of him by law.—*McDowell r. Brantley*, 80 Ala. 174.

The appellee submits that the facts of the case of *McDowell v. Brantley*, 80 Ala. 174. are almost identical with the facts of the case now before the court.

DENSON, J.—The will of Lucy A. Hopper was duly probated in the probate court of Bullock county on the 7th day of September, 1888, and letters testamentary thereon were on that day issued by said court to J. O. Stakely as the executor of the will. W. M. Stakely, Sr., was one of the sureties on J. O. Stakeley's bond as such executor. W. M. Stakely died testate in 1898, his will was duly probated in the probate court of Bullock county, and on the 13th day of September, 1898, letters testamentary were regularly issued to J. O. Stakely as one of the executors named in the will to execute the same, and he was at the trial of this cause in the discharge of the duties of such executorship. Mrs. Lucy A. Hopper devised and bequeathed to her stepdaughter, Sarah Ellen Hopper, a life estate in all her property, and by other items in her will she directed the disposition of the property that might remain at the death of Sarah Ellen, and by the terms of the will the plaintiff in this case was made a residuary legatee. Sarah Ellen Hopper the life tenant under Mrs. Hopper's will, died on the 29th day of May, 1901. J. O. Stakely, as the executor of Mrs. Hopper's will, made a final settlement of

Mrs. Hopper's estate in the probate court of Bullock county on the 20th day of April, 1903. On the settlement a decree was rendered by the court against the executor, J. O. Stakely, and in favor of the plaintiff (appellee here), in the sum of $3,562.62, and the decree was never paid. Execution was duly issued on said decree from the probate court, and regularly returned by the sheriff of the county "No property found." This suit was commenced on the 12th day of December, 1903, by the plaintiff, against J. O. Stakely, as the executor of the estate of W. M. Stakely, Sr., deceased, to recover the amount of the said decree. In defense of the suit the defendant set up the statute of nonclaim, and on the trial there was a verdict and judgment for the defendant. On motion made by the plaintiff the court set aside the verdict and judgment, and granted to the plaintiff a new trial, and from the order granting the new trial the defendant prosecuted this appeal.

The question presented by the record for our determination is the sufficiency, *vel non,* of the defense of the statute of nonclaim, Code 1896, §§ 129, 130. To correctly solve the question, it is necessary to determine when the claim of the plaintiff accrued against the estate of W. M. Stakely, Sr., deceased. The insistence of the defendant with respect of the defense is: First, that the legacy in favor of the plaintiff under Mrs. Hopper's will vested on the death of the testatrix, and therefore that the plaintiff's claim accrued on the death of the testatrix; second, that if the legacy did not vest on the death of the testatrix it did on the death of the life tenant; that, if it vested on the death of the testatrix, the claim should have been filed within 12 months from the grant of letters of executorship on the estate of W. M. Stakely, Sr., deceased; that, if it vested on the death of the life tenant, that was the date on which the claim accrued, and it should have been filed as a claim against the estate of W. M. Stakely, Sr., deceased, within 6 months from the death of the life tenant, which event occurred on the 29th day of May, 1901. The claim was not filed within either of the periods above named.

It is well settled that the law favors the vesting of legacies, and will not adjudge them contingent, unless the provisions of the will show the testator intended to make them such.—*Foster v. Holland,* 56 Ala. 474. Plaintiff's legacy depended upon whether or not there was anything left after the other legacies had been paid. The language of the third item of the will is: "Of monies, notes, and bonds, should there be any remaining, I give to Mrs. Mary E. Watt, of Seguin, Texas, five hundred dollars, and to her daughter, Mrs. Julia Lyde, of Montague, Texas, five hundred dollars. Should there be a remainder, I give to the aforesaid Lucy S. Smith the amount of one thousand dollars, and the balance, if any, to the Board of Foreign Missions of the Presbyterian Church South." Clearly the bequest of the plaintiff was contingent upon a balance being left after the payment of the other legacies, it was the intention of the testatrix to make it so contingent, and the plaintiff's right was that of residuary legatee, and its claim could not accrue until it was ascertained that there would be a balance over. Without a balance over after the payment of the other legacies, there could not have possibly vested in the plaintiff any legacy under the will; but, when it was ascertained that there was such balance, immediately plaintiff's claim accrued.—*Marr v. McCullough,* 6 Port. 507; *Foster v. Holland,* 56 Ala. 474; *Campbell v. Weakley,* 121 Ala. 64, 25 South. 694. In the case of *Fretwell v. McLemore,* 52 Ala. 124, on page 143, this court said: "The claim now preferred is to charge the assets for administration in the hands of the personal representative of the surety (on the administrator's bond) with the satisfaction of a devastavit imputable to the prncipal long prior to the death of the surety. It would nullify the purposes of the statute to exempt this claim from its operation." In that case there had been no final settlement by the administrator, but the proceeding was by bill in equity to recover on the grounds as above stated; and it was there held that the complainant's claim accrued at the time the devastavit was committed, and that it should have been presented against the estate of the surety within 18

[Stakely v. Ex. Com. of Foreign missions of Presbyterian Church.]

months (the period then provided) from the issuance of letters of administration. In this case at bar there is no proof of any *devastavit*.

The case of *McDowell v. Brantley*, 80 Ala. 173, was an equity case, in which the *cestue que* trust filed a bill against the trustee, one of the surviving sureties on his bond, and the administratrix of the estate of the deceased surety on his bond for an account and settlement of the trust. The bill was filed in 1884, and averred that the trustee was appointed in January, 1877, and gave bond for the faithful administration of the trust, with McDowell and Burford as his sureties; that the surety Burford died in 1877, and in April, 1877, Mrs. M. M. Burford was appointed administratrix of his estate. The bill did not aver that any claim on account of any default on the part of the trustee had ever been presented against Burford's estate, wherefore the administratrix demurred, thus presenting the statute of nonclaim as a defense to the bill. The court, through STONE, C. J., said: "The bond in this case, like the bonds of public officers, executors, administrators, and guardians, was an obligation to do certain duties and execute certain trusts, which in their administration run through many years. If presentation were required in such cases before actual default committed, it could only be of the penalty of the bond—nothing more definite, and nothing less in amount. In this case the claim would have been $8,000, the penalty of the bond. This, too, at a time when there was no known default, and, for aught that we can know, there was in fact no default. The bill shows no default until January, 1884. The profession know well what effect the presentation of claims has on administrations. They generally tie up the assets, delay disbursements and distributions, and frequently lead—rightfully lead—to report of insolvency, order for sale of real estate, and many other consequences not necessary to be mentioned. And in such cases as this all these consequences might be entailed on the administration, and for an unknown number of years, when in fact there was no default, and no claim had accrued. The Legislature cannot be supposed to have contemplated or intended such results as

these." It was held that Mrs. Burford's demurrer was properly overruled.

It seems to us that the reasoning in the case quoted from is apposite here. What claim, we ask, for what amount, would the plaintiff have presented its claim against the administrator? The facts show no default prior to the failure to pay the decree rendered on the final settlement ascertaining the amount of plaintiff's legacy. It may be that the liability of the executor to the plaintiff could not have been ascertained before the day of the final settlement; at any rate, it was not. We conclude the facts in this case do not show that the plaintiff's claim had, within the meaning of the statute accrued before the rendition of the decree on the final settlement.—Code, §§ 129, 130; *McDowell v. Brantley, supra; Neil v. Cunningham,* 2 Port. 171; *Fretwell v. Mc-Lemore, supra; Rives v. Flinn,* 47 Ala. 481; *Ward v Yonge,* 45 Ala. 474; *Presley v. Weakley,* 135 Ala. 517, 33 South. 434, 93 Am. St. Rep. 39. This suit was commenced within 12 months from the time the decree of the final settlement was rendered, and has been prosecuted without abandonment. This eliminates the question as to the sufficiency of the presentation of the claim against the estate after the rendition of the decree.—*Floyd v. Clayton,* 67 Ala. 265.

The judgment appealed from is affirmed.

Tyson, Simpson, and Anderson, JJ., concur.