(94 South. 518)

## BUTLER COTTON OIL CO. v. BROOKS.
### (8 Div. 489.)

(Supreme Court of Alabama. Nov. 2, 1922.)

1. **Appeal and error** ⟨⟩1040(11)—**Where issue is limited in charge to one count, rulings on demurrer to other counts not prejudicial.**

Where the court distinctly limited the issues for the jury's solution to a case averred in one count, there was no prejudicial error resulting to defendant from rulings on demurrers to the remaining counts.

2. **Evidence** ⟨⟩341—**Certified transcript proceedings of corporation changing corporate name admissible to establish change.**

Under Code 1907, § 3983 (amended by Gen. & Loc. Acts 1921 [Sp. Sess.] p. 52), providing for its admission in evidence, objection to admission of a certified transcript from the official custodian of the written proceedings of a corporation changing the corporate name permitted by Code 1907, § 3462, *held* without merit.

3. **Dismissal and nonsuit** ⟨⟩12—**Plaintiff may dismiss action at any time, where defendant not prejudiced.**

Where defendant is not prejudiced thereby, it is permissible to enter the plaintiff's dismissal of its case at any time.

4. **Mortgages** ⟨⟩312(3)—**Where mortgage debt paid, efficient request to cancel mortgage only remaining factor to recover statutory penalty.**

Where a mortgage debt has been paid, the remaining factor necessary to entitle plaintiff to recover the statutory penalty claimed was that efficient request, imposing the statutory duty to mark the record satisfied, under Code. 1907, § 4898, must be made of the mortgagee.

5. **Mortgages** ⟨⟩312(4)—**Notice to cancel mortgage held insufficient in action for statutory penalty.**

In an action to recover the statutory penalty for failure, after notice, to enter satisfaction of a mortgage on the margin of the record of the instrument, under Code 1907, § 4898, where the evidence does not disclose any tracing to defendant of knowledge of the notice on an agent or employé of the erstwhile mortgagee, nor tending to show possession thereof by defendant, *held*, that the plaintiff failed to sustain a material element of his case and that the court erred in refusing the general affirmative charge requested for defendant.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by James W. Brooks against the Butler Cotton Oil Company, to recover penalty for failure to enter satisfaction of a mortgage on the record thereof. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Street & Bradford, of Guntersville, for appellant.

In the absence of evidence showing Cummings' authority, it was error to admit proof of the contents of the notice delivered to him. 105 Ala. 257, 16 South. 714. An action brought by this appellant on the mortgage in question in a justice court, being dismissed by attorney for plaintiff at a time when said justice court was not in session, did not put an end to that action; and the pendency of that action was a defense to the present suit. 42 Ala. 404; 11 Cyc. 728; 15 C. J. 877; 139 Ala. 56, 35 South. 1011; 158 Ala. 41, 48 South. 592. Possession by defendant of the mortgage had a tendency to prove that it had not been paid. 9 Ency. Evi. 704; 86 Ala. 94, 5 South. 780; 68 Ala. 592.

Rayburn, Wright & Rayburn, of Guntersville, for appellee.

The plaintiff in an action before a justice of the peace has the right to discontinue his case at any time before judgment. 24 Cyc. 574. A transcript of the proceedings by which the name of defendant corporation was changed was admissible in evidence. Code 1907, § 3983; 75 Ala. 342.

McCLELLAN, J. This is an action to recover the statutory penalty for failure, after notice, to enter satisfaction of a mortgage on the margin of the record of the instrument. Code, § 4898. The former appeal is reported in 204 Ala. 195, 85 South. 778.

[1] The court, in its oral charge to the jury, distinctly limited the issues for the jury's solution to the case averred in count 4, in consequence of which no prejudicial error resulted to appellant (defendant) from rulings on demurrers to counts 1, 2, and 3. That on the trial such was regarded as the effect of the court's oral charge is further confirmed by the absence of any requests by defendant for affirmative instructions concluding against a recovery by plaintiff on counts 1, 2, and 3.

[2] The properly certified transcript from the official custodian of the written proceedings of the incorporation of the Butler-Kyser Oil & Fertilizer Company, the mortgagee, discloses the subsequently effected change of name to that of the defendant (appellant) the Butler Cotton Oil Company, the business entities being the same. Code, § 3462. The objection that the certified transcript does not evidence the effectuation of the stated change of name of the corporation is not well taken. The transcript was admissible in evidence. Code, § 3983 (amended Gen. Acts, Sp. Sess. 1921, pp. 52, 53). The ruling on former appeal, pertinent to this matter, was referable to the pleading, not to evidence of the change in corporate name averred in count 4.

As we understand the evidence, it was undisputed that the mortgagor paid in full to I. C. Dowdy the amount of the indebtedness, to secure which the mortgage in question was given by plaintiff to this defendant (mortgagee) in its original name. It was likewise shown without dispute that Dowdy was defendant's "collector," authorized to receive payment of the mortgage debt. The testimony explains the failure of Dowdy to deliver this note and mortgage (both constituting one instrument) to plaintiff when plaintiff paid the debt, thereby removing any possible adverse inference consequent upon the subsequent possession of the instrument by defendant.

[3] It appears without dispute that the defendant's suit, on this note, in the justice's court, was dismissed by direction of plaintiff's counsel, thus terminating that proceeding. The defendant therein (plaintiff in the present action) not being prejudiced thereby, it was permissible to enter the plaintiff's dismissal of its case at any time. 24 Cyc. p. 574.

[4, 5] The mortgage debt having been paid, the remaining factor necessary to entitle plaintiff to recover the statutory penalty claimed was that efficient request, imposing the statutory duty to mark the record satisfied (Code, § 4898), should have been made of the mortgagee. The terms employed in the request or notice, recited in the evidence, were sufficient under the authority of Partridge v. Wilson, 141 Ala. 164, 166, 167, 37 South. 441. According to the undisputed evidence the notice was delivered, on defendant's premises, to C. W. Cummings, who the testimony tended to show was, at the time, an employee or agent of the erstwhile mortgagee. There was, however, no evidence designed to establish Cummings' relation as that of a general agent of the defendant within the doctrine of Long v. Jennings, 137 Ala. 190, 33 South. 857, wherein it was held that notice to the general agent of the mortgagee, transferee, etc., was equivalent to notice to the mortgagee, transferee, etc. There was no evidence of particular authority in Cummings to receive such a notice or to discharge the duty the statute (section 4898) contemplates when efficient notice to make entry of satisfaction has been given. If another mode than "personal notice" (Loeb v. Huddleston, 105 Ala. 257, 263, 16 South. 714, 716) "is pursued—if the request be left with an agent, or one supposed to be the agent, or at the usual abode, or place of business of the party to be affected, *tracing the fact to the knowledge, or the writing to the possession of the party*, is the equivalent of a personal delivery." (Italics supplied.)

388 208 ALABAMA REPORTS

The evidence does not disclose any tracing to defendant of knowledge of the notice delivered to Cummings, nor does it tend to show possession thereof by defendant. In the absence of evidence designed to establish one of these alternatives, indicative of knowledge of the mortgagor's demand, the plaintiff failed to sustain a material element of his case; and the court erred in refusing the general affirmative charge requested for defendant.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.