(121 So. 80)

FOSTER et al. v. FOSTER. (6 Div. 268.)

Supreme Court of Alabama. March 21, 1929.

Nash & Fendley, of Oneonta, and O. D. Street & Son, of Birmingham, for appellants.

J. T. Johnson, of Oneonta, for appellee.

GARDNER, J. L. B. Foster died intestate, without issue, and owning real estate and personal property. His widow, Zula Foster, was duly appointed administratrix of the estate and upon her petition the administration thereof was removed from the probate into the equity court. The heirs were brothers and sisters of the deceased and they petitioned the court for final settlement of the estate. To this end a reference was ordered for statement of account by the administratrix. To the allowance of credit for payment of certain claims, the heirs filed exceptions to the report, which were overruled. One of the heirs J. B. Foster filed claims against the estate, which were disallowed, and his exceptions to the report were likewise overruled, and the report in all things confirmed.

■ We consider the disallowance of the claims of said Foster as presenting the question of prime importance on this appeal, and it will therefore be first treated. Upon the death of L. B. Foster his real estate descended to his brothers and sisters, subject, of course to the homestead and dower rights of the widow. The personal property, after the payment of debts and charges against the estate, passed to the widow. Section 7374, Code of 1923. During his life decedent had executed mortgages on certain tracts of land owned by him,

among them a mortgage on one tract to one Cornelius, and upon another to one Hyatt. J. B. Foster petitioned the court to require the administratrix to pay these mortgage incumbrances upon the land out of the personal estate. His petition disclosed that the administratrix, although having funds of the estate in hand sufficient for the purpose, failed and refused to pay off said mortgage indebtedness, and that, in order to prevent a foreclosure thereof, petitioner paid the mortgages and took an assignment thereof from the mortgagees. Within 12 months thereafter his claims were duly verified and presented, but they were disallowed for the reason they were not so presented within 12 months from the grant of letters of administration. We are of the opinion there was error in the disallowance of these claims. Under the common law real estate was never subject to the payment of the debts of the decedent. This rule has been modified by our statute (sections 5821–5848, Code of 1923); but it is well understood that the lands do not become assets of the estate for the payment of the debts unless the personal property of the decedent is insufficient therefor. Baldwin v. Alexander, 145 Ala. 186, 40 So. 391; Boyte v. Perkins, 211 Ala. 130, 99 So. 652. The personal estate, therefore, is primarily subjected to the payment of the debts of the estate, and constitutes what is referred to in some of the cases as the "natural fund" for that purpose. The authorities, therefore, very generally hold that, in the absence of a statute to the contrary, the heirs have an equitable right to have the debts of the intestate, whether secured or unsecured, paid out of the personal estate, so far as adequate for that purpose, and could be used without prejudice to the rights of unsecured creditors. This right is rested upon the equitable doctrine of exoneration, and, if paid by him for the protection of the real estate, the heir is entitled to contribution which is merely a different method of exoneration. 4 Pomeroy, Eq. Jur. (4th Ed.) § 1432.

The mortgagee, if he so desires, may look alone to his security for the payment of his debt, and in such case there would be no necessity to present any claim against the estate. Duval's Heirs v. McLoskey, 1 Ala. 745.

■ It is under these circumstances, with his real estate thus imperiled, the authorities hold the heir has the equitable right to have the land exonerated by payment of the debts out of the funds primarily liable for their payment. 24 C. J. 334; Beard's Appeal, 78 Conn. 481, 62 A. 704; Schade v. Connor, 84 Neb. 51, 120 N. W. 1012; Sutherland v. Harrison, 86 Ill. 363; Smith v. Kibbe, 104 Kan. 159, 178 P. 427, 5 A. L. R. 483, and note; Marshall v. Middleton, 100 Or. 247, 191 P. 886, 196 P. 830, 19 A. L. R. 1421, and note. These authorities are also to the effect

that the failure to file and present such claim by the mortgagees as provided by the statutes of nonclaim did not affect the equitable remedy of the heir for exoneration, and that such statute had no application to such proceeding.

In Smith v. Kibbe, supra, the court, in discussing this question, said: "It is generally held that claims purely equitable in their nature require no presentation or approval. * * * The debt in question was still alive and enforceable by the owner, and, not having run as against him, it cannot be held to have run against this equitable proceeding to exonerate the land from the payment of the debts of the estate, until the personal property has been exhausted."

If the question has been previously presented to this court it has escaped our notice, and counsel have not directed our attention to such case.

We have held that an administrator may redeem lands of the decedent under mortgage and file a bill for that purpose (Griffith v. Rudisill, 141 Ala. 200, 37 So. 83), and also redeem collateral pledged as security for debts of decedent (Pryor v. Davis, 109 Ala. 117, 19 So. 440; Patapsco Guano Co. v. Ballard, 107 Ala. 720, 19 So. 777, 54 Am. St. Rep. 131); but these cases did not involve the question of the right of an heir for exoneration of the real estate.

■ The exigencies of this case, however, do not require a decision as to whether or not the statute of nonclaim is inapplicable, as held in the authorities first above noted, for the reason that petitioner complied with the statute in duly presenting his verified claim within 12 months from its accrual. Section 5815, Code of 1923. Within the time allowed by this statute, petitioner could not know whether the claims would be presented by the mortgagees or paid by the administratrix and his equitable right of exoneration was therefore not lost by delay beyond that period. In order to protect the realty from a foreclosure sale he paid the indebtedness, taking an assignment, and seeks reimbursement by way of contribution from the personal estate. His equitable claim for contribution, therefore, was necessarily contingent and did not and could not arise until he had paid off the indebtedness. His was, therefore, a claim that accrued when he paid the indebtedness for the protection of the real estate, and was "presented within twelve months after the same * * * accrued." Section 5815, supra. As to contingent claims, the statute of nonclaims does not begin to run until the accrual thereof. Neil v. Cunningham's Ex'rs, 2 Port. 171; Stakely v. Ex. Comm. Foreign Missions, etc., 145 Ala. 379, 39 So. 653; Chamblee v. Proctor, 203 Ala. 61, 82 So. 21; Farris v. Stoutz, 78 Ala. 130.

Justice Foster is of the opinion that the equitable right of this claimant was not within the influence of the statute of nonclaims and rests his concurrence upon that ground. The other members participating in consultation of this cause concur with the writer of the opinion.

We conclude, therefore, this heir was entitled to contribution, and that the court erred in the disallowance of his claims. This conclusion necessitates a reversal of the cause and a consequent restatement of the account.

As to the objection by the heir of the allowance of credit for certain claims, we think a discussion of the question in a general way will suffice.

■ Counsel place stress upon the failure of the administratrix to note the testimony on reference before the register. Chancery Rule 93 (vol. 4, Code 1923, p. 935) requires the party excepting to the report to note the evidence in support thereof "at the foot of each exception"; but, as the administratrix was not excepting to the report in this respect, the rule was without application to her. McCollum v. McCollum, 218 Ala. 500, 119 So. 232.

■■ It is also insisted the verification of many of these claims was insufficient to meet the requirements of the statute. This may be conceded, but under the terms of the statute this defect of verification may be cured by "amendment at any time" (section 5818, Code 1923), and this deficiency may therefore be met upon remandment of the cause. Gillespie v. Campbell, 149 Ala. 193, 43 So. 28. That these claims were justly due by the estate admits of no serious controversy, but it is further insisted many of them are not itemized. A statement of claim need not be as specific as formal pleadings, but should be sufficiently definite to inform the administrator of the nature and amount of liability it imposes, and to distinguish it with reasonable certainty from all similar claims. Watson v. Hamilton, 210 Ala. 577, 98 So. 784; Metcalf v. Payne, 214 Ala. 81, 106 So. 496. This rule would not require itemization.

■ The claims here in question meet the requirements of the authorities noted, and are not to be rejected for indefiniteness. It appears that one or two of these claims related to sums properly disbursed by the administratrix in the course of administration, and are excepted from the statute. Section 5814, Code of 1923.

So far as appears from this record, we conclude the administratrix has properly accounted for rents of the realty as assets of the estate. Powell v. Labry, 210 Ala. 248, 97 So. 707.

For the error, as indicated herein, the decree will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur as indicated.