(133 So. 4)

**INTERNATIONAL HARVESTER CO. v. SIMPSON.**

7 Div. 18.

Supreme Court of Alabama.
March 19, 1931.

John B. Isbell, of Ft. Payne, for appellee.

FOSTER, J.

Appellee sued appellant for the statutory penalty for the failure to enter satisfied on the margin of the record of a mortgage. Sections 9023, 9024, Code. He had given a chattel mortgage to secure two notes. Instead of paying the one which matured last, he obtained an extension upon the execution of another note and a mortgage on additional property. Both mortgages were promptly recorded. After the latter note matured for some fifty to sixty days, he paid it on October 26, 1929, and it and the new mortgage were sent to him. In a few days he wrote a letter to defendant as follows: "Upon examination of the records, I find that it has not been satisfied on mortgage that I paid on October 26, 1929, so please give this your attention and satisfy same at once." Thereupon defendant promptly had satisfaction entered upon the margin of the record of the later mortgage, but not on the older one, and wrote plaintiff that it was sending power of attorney to release the chattel mortgage on the record. After waiting the statutory period to expire and without further communication, he sued appellant for the failure to enter satisfaction on the record of the older mortgage, and recovered judgment. When suit was filed defendant wrote to plaintiff's counsel, and found out that the suit referred to the older mortgage and at once entered satisfaction of it on the record of this mortgage also.

The right to recover is dependent upon the one question of whether the notice was sufficiently definite to point clearly to the requirement that the older mortgage or both

London, Yancey & Brower and Al G. Rives, all of Birmingham, for appellant.

494

of them were referred to. We may repeat here that this statute is highly penal and to be strictly construed so as to accomplish its legitimate purpose, and not as one of oppression to accomplish a purpose not intended. Wilkerson v. Sorsby, 201 Ala. 182, 77 So. 708; Scales v. Rosenbush Furniture Co., 212 Ala. 19, 101 So. 743; Martin v. Walker, 196 Ala. 469, 71 So. 667; Chattanooga N. B. & L. Ass'n v. Echols, 125 Ala. 548, 27 So. 975, 977.

■■ A notice to the mortgagee by the mortgagor directing the satisfaction on the record of all recorded mortgages given by the mortgagor to the mortgagee, which have been paid, is sufficiently definite. Dothan Guano Co. v. Ward, 132 Ala. 380, 31 So. 748; Henderson v. Wilson, 139 Ala. 327, 36 So. 516.

But a notice "to take my note off the record" is not sufficient. Clark v. Wright, 123 Ala. 594, 26 So. 501.

In the case of Chattanooga N. B. & L. Ass'n v. Echols, supra, with reference to a notice given under this statute, and in a suit for the penalty, it is said: "It is small wonder, indeed, that the defendant did not understand what was required of it, and that it did not understand goes to demonstrate the extreme danger there is in construing this highly-penal statute so loosely as to uphold the sufficiency of this alleged notice as a request for the entry of satisfaction on the margin of the record of the mortgage. There should be some assurance that the mortgagee knows what is required of him [and it] should be stated with reasonable clearness and certainty of expression."

In the instant case the notice referred to one mortgage only, but did not describe or clearly refer to any certain mortgage. There were two, either of which could have been intended. But giving the notice such strict construction as the law requires, both were not included. After the one last given was satisfied on the record, the mortgagee had no further notice. Evidently it intended to comply with the notice, which could as well have referred to the later as the older mortgage, but did not in terms refer to them both. We think, therefore, that the notice was not sufficient under the circumstances to fasten the penalty upon appellant.

The case was tried by a court without a jury. Our conclusion is that the judgment should be reversed, and, under the authority of section 8599, Code, one is here rendered in favor of appellant.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.