152 So. 48

## BURNS v. BURNS.

### 2 Div. 28.

Supreme Court of Alabama.

Nov. 23, 1933.

Rehearing Denied Jan. 18, 1934.

Craig & Brown and S. F. Hobbs, all of Selma, for appellant.

Keith & Wilkinson and A. M. Pitts, all of Selma, for appellee.

GARDNER, Justice.

The suit is against the administratrix of the estate of J. C. Burns, deceased, to recover on two promissory notes executed by decedent to plaintiff, the one in the sum of $15,-000, and the other $1,100. The notes were secured by a mortgage on real estate, which mortgage was duly recorded. Upon the margin of the record of this mortgage were the following words: "Satisfied, Lucien P. Burns, Transferee. Attest, J. G. Chisolm, Clerk, Probate Court."

Defendant insists (illustrated by plea 7) that such an entry discloses a satisfaction of the notes upon which this suit is based; while plaintiff contends (illustrated by his replications unnumbered, found on page 35 of the record) that the purpose of the entry was not a satisfaction or release of any balance due on the indebtedness, but merely to extinguish the mortgage on the real estate to the end that the record title might be clear to the prospective purchaser of the property from plaintiff, to whom it had been conveyed, and at whose request (through his attorney) the entry was made; and that the balance remaining due on the debt after crediting $1,-800 as a partial payment by the execution of the deed, was a sum in excess of the face of the notes upon which this suit is based.

Defendant's counsel place reliance upon the provisions of our statute (section 9023, Code 1923), relating to the matter of entry of satisfaction, with particular reference to its concluding clause to the effect that "such entry operates a release of the mortgage * * * and is a bar to all suits thereon at law or in equity." But, we think, all other questions aside, that the fallacy of this argument lies in the assumption that the above-noted statute is applicable to the situation as here presented by the pleadings.

The keynote of this statute, and the basic principle upon which it rests, is the written demand, "a request in writing" for such entry made by the mortgagor, or a creditor of or purchaser from him; and, without such demand, the statute has no operative effect. The authorities noted in the recent case of International Harvester Co. v. Simpson, 222 Ala. 493, 133 So. 4 (to which many others, including Butler Cotton Oil Co. v. Brooks, 208 Ala. 386, 94 So. 518, could be added), sufficiently demonstrate the strict construction placed upon this feature of the statute, and serve to illustrate its vital importance.

There is no pretense in the pleading that the entry of satisfaction in the instant case was made in response to any such demand. On the other hand, the replication discloses that plaintiff had by deed acquired the property, and sold a portion of it to James H. Burns, whose attorney, in order that the record title may be clear, requested the entry, and it was then made to meet the requirements of the plaintiff's purchaser. With an entry made under these circumstances, the statute has no concern.

This question was in effect so decided by this court in Sullivan v. Williams, 210 Ala. 363, 98 So. 186, 187, 33 A. L. R. 147. There, in order to permit a sale of a part of the mortgaged premises, the mortgagee surrendered the note and mortgage, and caused an entry to be made on the record that it had been "paid and satisfied," and a new mortgage taken on the remaining lands. Subsequent to the first mortgage, but prior to the execution of the new, the mortgagors had mortgaged a portion of the realty to the complainant in that cause, and the question was one of priority. Answering a like argument, as here presented, that by force of the above-noted statute the entry of satisfaction served to destroy the effectiveness of the canceled mortgage, regardless of the intention of the parties, the court speaking through Justice Somerville, said:

"Counsel for appellant conceives that section 4898 [we interpolate—now section 9023, Code, 1923] of the Code, in its provision (with respect to the entry of the fact of payment and satisfaction on the record of a mortgage on demand of the mortgagor, or any creditor, or purchaser from him) that 'such entry operates a release of the mortgage, * * * and is a bar to all suits thereon at law or in equity,' is fatal to its continued operation as a lien in favor of the mortgagee claiming under a renewal mortgage.

"To this contention it may be answered that the entry here in question was *not* made

on the *demand* of the *mortgagor*, nor of any creditor of or purchaser from him, but only by *agreement* for a *special purpose*, and with the clear intention of keeping alive the debt and its mortgage security, under the form of a renewal note and mortgage." (Italics supplied.)

It thus appears that these observations were pertinent to the case, directly applicable to the argument there presented, and their soundness has never subsequently been brought into question. The Sullivan Case, 210 Ala. 363, 98 So. 186, supra, is the subject of an extensive annotation in 33 A. L. R. 147, and cited approvingly in Bank of Oakman v. Thompson, 224 Ala. 87, 139 So. 238, 239, where it is observed that "when such second mortgage is given in renewal and not in payment of the first, though it is marked 'paid' and surrendered, this will not in equity affect the priority of such first mortgage over those which intervened, unless the subsequent lien-holder has acted to his prejudice in the matter by relying upon the apparent discharge of the senior lien."

Of course, there is here involved no question as to any prejudicial effect upon third persons, for, as stated in 41 Corpus Juris 814, such marginal entry "is generally binding and beyond contradiction as respects the rights of third persons dealing with the property without other notice than the record affords," but only the insistence that the entry of the word "satisfied" upon the margin of the record was conclusive as between the parties themselves that the whole debt for which the mortgage was given as security, has been paid. We emphasize this distinction merely to avoid any possible misunderstanding. So far as the statute is concerned, this question was determined in the Sullivan Case, supra, adversely to defendant's contention, and we adhere thereto.

It results, therefore, that section 9023 of the Code is inapplicable, and the rights of the parties are to be determined upon general principles of law, disregardful of the statute.

As to the applicable legal principle, the authorities sustain the statement found in the note to 33 A. L. R. 149, to the effect that it is a general rule that the cancellation of a mortgage on the record (prejudiced third persons aside) is not conclusive as to its discharge, or as to the payment of the indebtedness secured thereby. It is generally recognized that such entry of satisfaction, as between the parties, is to be treated in the nature of a receipt, is only prima facie, and not conclusive evidence of payment, and is open to explanation like any other receipt. 41 Corpus Juris, 814. Illustrative in other jurisdictions are the cases of South Missouri Land Co. v. Rhodes, 54 Mo. App. 129, Fleming v. Parry, 24 Pa. 47, as well as other authorities

cited in the above note; and in our own jurisdiction those of Higman v. Humes, 127 Ala. 404, 30 So. 733, and New England Mortgage Security Co. v. Hirsch Bros., 96 Ala. 232, 11 So. 63, 64. In the latter case is the following language here pertinent:

"Whether the taking of the second mortgage is a payment of the first depends upon the intention of the parties. When no receipt is given as for the amount secured by the first mortgage, and no release thereof is executed, the presumption is that the later notes and mortgage were not intended to pay and discharge the earlier. When such receipt is given or release executed, the contrary presumption obtains. But this is only a prima facie presumption. It may be met and overturned, whatever the form of the paper writing relied on as evidencing payment and discharge, by proof of an intent of the parties that the receipt or release was not to operate according to its expressed terms, but was executed for other purposes than to show the satisfaction of the mortgage debt and release of the mortgage lien."

Applying these principles therefore to the instant case, the best that may be said for the effect of the record entry "satisfied" as set up in plea 7 is that a prima facie presumption of payment arises, but not conclusive, and which is subject to explanation as found in plaintiff's replication thereto.

We have attempted no review of the several rulings on pleadings or a technical analysis thereof, but have discussed the meritorious questions presented thereby.

It results that the rulings of the learned trial judge were not in accord with the views hereinabove expressed, and that a judgment of reversal must follow.

▇▇ We are in agreement, however, with the trial court concerning the amendment of the plaintiff's claim after the expiration of time for presentment, so as to include attorneys' fee. Section 5815, Code 1923, as amended by Gen. Acts 1931, p. 840; section 5818, Code 1923. This latter section permits the amendment of the affidavit to the claim (Foster v. Foster, 219 Ala. 70, 121 So. 80), but makes no reference to an amendment of the claim itself. For the sufficiency of the presentation of a claim against an estate, our authorities are uniform to the effect that the nature and amount of the claim must be brought to the attention of the personal representative. Smith v. Fellows, 58 Ala. 467; Bibb & Faulkner v. Mitchell, 58 Ala. 657; Foster v. Foster, supra; Metcalf v. Payne, 214 Ala. 81, 106 So. 496.

One of the very purposes of the statute is to so inform the interested parties as to the condition of the estate, whether solvent or insolvent, and whether or not the personal representative may pay the debts in full, assent

to legacies, surrender the real estate to heirs or devisees, and make distribution. Smith v. Fellows, supra.

It appears the original claim contained no reference to attorneys' fee, nor were the notes or copies thereof made exhibits thereto.

The amount of the claim is therefore of vital importance, and to permit the claim by amendment to be thus enlarged after the lapse of the necessary time for presentation would run counter to the recognized objects of the statute.

Though perhaps not strictly necessary for determination here, yet we have thought it advisable, in view of the further trial of the cause, to make these observations in reference to the attempted amendment of the claim so as to embrace attorneys' fee.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

#### On Rehearing.

The general treatment in the foregoing opinion of the controlling question in the case was in accord with its presentation on oral argument, and was thought sufficient for all practical purposes. Out of deference, however, to the earnest insistence of counsel for appellee, we consider a brief response, with more specific treatment, appropriate.

After all the important matter is the right of plaintiff to explain the meaning of the marginal entry "satisfied," whether it was intended to indicate a full. payment of the debt, or only confined to the relinquishment of the property embraced in the mortgage. As it appears on the margin of the record, the word possesses an ambiguous meaning. And we think the authorities cited suffice to demonstrate the right of the plaintiff to show the intention of the parties, which was attempted by the replication, to which demurrer was sustained. As to this ruling, clearly no more specific treatment is necessary.

We have also stated that such an entry prima facie purports a satisfaction and payment of the indebtedness. Pleas 7 and 16, therefore, would, upon their face, present a good defense, and properly to be met by replication as plaintiff attempted to do.

As to plea 10, it is therein expressly averred that the deed executed to plaintiff was accepted in full payment, satisfaction, and discharge of the notes sued upon. This plea, of course, presents a defense to which a replication is unnecessary as the general

issue joined thereon would sufficiently present the controverted question in the case.

It thus appears that the basic reversible error lies in the ruling on the replication.

What has been said should serve all purposes for another trial.

Let the application be overruled.

Application overruled.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.